[S. F. No. 6959. Department Two.—July 27, 1916.]

## DANIEL J. CANTY et al., Appellants, v. PIERCE & ANDERSON (a Corporation), et al., Respondents.

TRIAL—CONTINUANCE—WHEN DENIAL JUSTIFIED.—Where an attorney has knowledge long in advance that a case is in fact set for trial on a certain date, there is no necessity for giving any formal notice such as is contemplated by section 594 of the Code of Civil Procedure; and where he is in no sense taken by surprise, but is fully advised of the desire of the other side to proceed with the trial upon the date set, and of the fact that no further continuance will be consented to, if he has not made sufficient preparation, it is his own neglect, as it is also if his client does not receive timely notice; but where the client does receive such notice and could be at the trial, but declines to do so for personal reasons, his absence is not unavoidable, and the court is justified in refusing a continuance of the trial at his request on the ground of his absence.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

E. A. Williams, and C. E. Beaumont, for Appellants.

Everts & Ewing, and R. Retallick, for Respondents.

HENSHAW, J.—Plaintiffs brought their action to have it decreed that the defendant Hayden Jones held title to certain real property in trust for them, and to compel Jones either to convey the property to them, or to pay them the value of it, fixed in the sum of $1,066. The court proceeded with the trial of the action over the objection of the plaintiffs' attorneys, which objection was accompanied by their motion for a continuance, and gave judgment for the defendants. Plaintiffs' appeal urges only the abuse of the court's discretion in denying their motion for a continuance. The following matters appear from the affidavit: The cause had been set for trial on the ninth day of October, 1913. The original attorneys of plaintiffs had withdrawn from the case, and E. A. Williams and C. E. Beaumont had been substituted in their place. Because of their unfamiliarity with the case they sought a continuance of it. The defendant Jones was desirous of having the case speedily tried and determined for the reason that it interfered with the disposition of the land, which he contended he owned unburdened with any trust or valid claim of plaintiffs. By consent the trial of the cause was continued until November 1st. Plaintiff Daniel Canty was in town and at the offices of his attorneys on and after the ninth day of October, upon which date the case was thus continued for trial until the first day of November. Negotiations for a compromise were under way between the attorneys, but came to nothing. Plaintiffs' attorneys were told by defendants' attorneys that their client would consent to no further continuances, and that if the negotiations proved abortive they must be ready for trial upon the date set. They replied that they were as desirous of going to trial as the defendants could possibly be. Upon November 1st defendants appeared at the time and place set for trial. Plaintiffs were represented by their attorneys, who sought further continu-

ance upon the ground that they had not been able to secure
the presence of plaintiff Daniel Canty.   The affidavit of C. E.
Beaumont, one of the attorneys for plaintiffs, offered upon
support of the motion for a continuance, is to the following
effect: He was employed in the case a few days prior to Octo-
ber 9th; that "at the request of affiant and said E. A.
Williams (his associate) the date for the trial of said cause
was continued until November 1st; that he did not advise his
clients of the continuance because negotiations for settlement
were pending; that when he found no settlement could be
made he saw his client, Daniel Canty, on the streets of Fresno
and told him he desired him to come to his office so that
preparation could be made for the trial, but that he did not
at that time state to his client the date for which the trial
had been set.   His client stated that he would come to his
office.   Thereafter he was called to the city of Los Angeles
and was absent for four days, returning to his office on Octo-
ber 22d.   He was informed that Canty had been in his office
during his absence.   Thereafter he tried to get into communi-
cation with Canty by calling up his telephone number, but
obtained no answer.   On the 27th of October he wrote a letter
addressed to Canty, telling him that the action was set for
trial on November 1st.   Finally, on the 31st of October, he
succeeded in getting into communication with Canty at Bur-
rel, California.   He told Canty that his case was set for trial
at ten o'clock the following morning, and Canty replied that
his automobile had broken down and that it would be impos-
sible for him to get to Fresno the following day."   Canty's
affidavit is to the effect that he received this notification at
the time he was passing through Burrel with machinists going
to his ranch forty miles west of Fresno to fix broken ma-
chinery, and that it was necessary for him to be with them
as he alone could indicate to the machinists the work to be
done.   There was, however, a train passing through Burrel
about 5 o'clock in the afternoon going to Fresno, which
train would have taken plaintiff to the office of his attorney
very early in the evening of the same day.   He could have
caught that train, but did not have time to go to his ranch
with the machinists and return and catch it.   Therefore he
went to his ranch.   He says also that it was necessary for him
to have in attendance as a witness Mr. Barnhill, who lived
in Los Angeles, and by whom he expected to prove that Jones

"had admitted all of the facts upon which said action is based.'' Touching the Barnhill matter, the opposing affidavit of J. G. Retallick, an attorney at law, is to the effect that plaintiff had told him that Barnhill was an attorney and that he hoped to secure his services as his own attorney but that Barnhill could not take the employment during the present year, and therefore he did not expect him to be present at the trial, and that in this conversation there was no suggestion even that Barnhill's presence was desired as a witness.

Under these facts but slight consideration of the law is necessary. Mr. Beaumont's affidavit shows that he knew long in advance that the case was in fact set for trial on November 1st. With this knowledge there was no necessity for giving any formal notice such as is contemplated by section 594 of the Code of Civil Procedure. (See *Sheldon* v. *Landwehr*, 159 Cal. 778, [116 Pac. 44].) Plaintiffs' attorneys were in no respect taken by surprise. They were fully advised of the desire of the defendants to proceed with the trial upon the day set and of the fact that no further continuance would be consented to. If they had not themselves made sufficient preparation for the trial, under these circumstances and with this time allowance, it was their own neglect. So also was it their own neglect if their client did not receive timely notice. He certainly did receive notice so that he could have been in Fresno not only upon the morning of the trial but upon the day preceding, but for personal reasons declined to avail himself of the opportunity. This was not an unavoidable absence on his part, and it is the rule that even an unavoidable absence does not necessarily compel a court to grant a continuance (*Lynch* v. *Superior Court*, 150 Cal. 123, [88 Pac. 708]).

There is nothing in this case to show that the discretion of the court in refusing the continuance was abused.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.