58 Cal.App.2d 333 (1943)
Estate of ALBERT C. BELL, Deceased. HELEN ERMA ELLIS et al., Minors, etc., Appellants,
v.
ORR M. CHENOWETH, as Administrator, etc., Respondent.
Civ. No. 6846. 
California Court of Appeals. Third Dist. 
Apr. 23, 1943.
 J. Oscar Goldstein and Burton J. Goldstein for Appellants.
 Chenoweth & Leininger for Respondent. *335
 THOMPSON, J.
 Helen Erma Ellis and Betty Jean Ellis, minor children of Albert C. Bell, deceased, represented by their guardian ad litem, Otis Ellis, have appealed from an order of the Probate Court of Shasta County settling the final account of the administrator of said estate.
 The chief contention of the appellants is that the final account of their father's estate was settled without their presence and without the giving of legal notice of that hearing.
 Albert C. Bell died intestate December 1, 1937, in Shasta County, California, possessed of real and personal property, and leaving surviving him his widow, Mazie Bell, and the two minor daughters of the deceased, previously mentioned. Josie Bell, the mother of the two minor children, had divorced Albert C. Bell and subsequently married Otis Ellis, and the children assumed his name. Upon application therefor, Orr M. Chenoweth was duly appointed administrator of said estate. Letters of administration were issued December 31, 1937. Notice to creditors was published as required by law. An inventory and appraisement was filed showing the real and personal property to be of the value of $7,317.75. Pending administration, two suits were brought against the estate, each of which was compromised and settled with the approval of the probate court. Another suit to quiet title to a leasehold in the Sacramento Hotel in Redding, California, was brought against said estate and the heirs of Albert C. Bell, deceased, by Twila Bragg and Elizabeth Richards. Josie Ellis and the two minor children, represented by the children's guardian, appeared and answered the complaint in that suit. J. Oscar Goldstein and his son, Burton J. Goldstein, acted as their attorneys. On January 22, 1942, the children and their mother, Mrs. Ellis, abandoned their claim to an interest in the property involved in that action by filing their written consent to a judgment in favor of the plaintiffs. They did not appear at the trial. The estate was represented at that trial by Mr. Chenoweth. Judgment was rendered January 28, 1942, for the plaintiff as prayed for.
 April 3, 1940, the administrator filed in said estate his final account and petition for discharge. The account showed total receipts amounting to $5,272.74, and disbursements in the sum of $3,795.24, including attorneys' fees, both normal and extraordinary, aggregating $885, leaving a balance of only $1,477.50 to apply on unpaid allowed claims in excess of $10,000. The account included preferred labor claims *336 amounting to $1,710.24, and an allowed claim for an unpaid judgment in favor of Josie Ellis for $11,840.75.
 Notice of the time and place of hearing said account was duly posted and proof thereof was made by the clerk in the manner required by section 926 of the Probate Code. On account of the pending lawsuits, heretofore mentioned, the hearing of said account was regularly continued from time to time, under the provisions of section 1205 of the Probate Code, until February 2, 1942, when it was heard and allowed as presented and filed. The decree settling that account was rendered and entered February 3, 1942. Neither the minor children nor their said attorneys were present at that hearing. From that order the children have appealed.
 [1] We are satisfied the clerk's notice of the time and place of hearing said final account conferred jurisdiction on the probate court. The order settling that account was binding on these appellants, notwithstanding the fact that the hearing was repeatedly continued before the account was finally approved. It has been uniformly held that notice of the hearing of an account, given in the manner and form required by law, confers jurisdiction of the res involved on the court and brings all interested parties before it for that purpose. (Langdon v. Blackburn, 109 Cal. 19, 28 [41 P. 814]; Abels v. Frey, 126 Cal.App. 48 [14 P.2d 594]; 3 Bancroft's Probate Practice, 1659, sec. 980; 11b Cal.Jur. 573, sec. 1118.) After notice has been properly given in the first instance, it becomes the duty of all interested parties to keep themselves informed by diligent inquiry of subsequent continuances of the hearing. (Langdon v. Blackburn, supra; Abels v. Frey, supra.) In the case last cited it is said in that regard:
 "The presumption being that proper notice has been given when there is no allegation to the contrary, it is the duty of the person notified to make inquiry as to the proceedings pending." (Italics added.)
 In the present proceeding the appellants not only had constructive notice of the time and place of hearing, but they had actual notice at the very time of the last continuance on January 12, 1942. They filed objections to that account on June 20, 1940. They knew that the litigation which was pending against the estate necessarily delayed the hearing and settlement of that account. Their attorneys wrote a letter to the administrator of the estate on January 19, 1942, stating that they had received notice that the trial of the case entitled *337 "Bragg v. Ellis, et al." would be held on January 28, 1942, and they suggested that their objections to the final account be heard on that same date. That letter infers that the determination of that suit would also decide the merits of the contest to the account. The letter reads in part:
 "If both matters are heard by the court at the same time I believe that the decision thereon [of the pending lawsuit] will be determinative as to the entire situation, and the matter can thus be brought to a conclusion. ..." (Italics added.)
 Two days later the same lawyers, in behalf of these appellants, sent to the attorney for the plaintiffs in that suit a written consent to the entry of judgment in favor of the plaintiffs. The cause was heard and judgment was rendered accordingly on January 28, 1942. Neither the appellants nor their attorneys were present at that trial, in spite of the fact that they had suggested that the hearing of the final account should take place at the same time. These letters were presented to the judge at the time of the trial. In the affidavit filed in this court by the trial judge on respondent's petition for diminution of the record, he states that the letters were presented to him at that time with a suggestion by the administrator that the order setting the hearing of the account for February 2, 1942, be set aside and that the matter be advanced in accordance with appellants' request to be heard at the same time as the trial of the lawsuit; that since neither the minors not their attorneys were present for that trial, and because they had consented in writing to a judgment against them in that suit, and since he assumed they had abandoned their contest of the account, there was no necessity for changing the time previously set for hearing the account. The suit was tried and determined in accordance with the stipulation for judgment, and the account was heard and approved on February 2, 1942. Neither the appellants nor their attorneys were present. Apparently no inquiry was made by the appellants or their attorneys regarding the hearing on the account until after it had been settled and approved.
 [2] The foregoing facts clearly obviate the necessity of directing additional notice of hearing the account as provided by section 1204 of the Probate Code. That section reads:
 "Whenever the court deems that the notice which has been given of any proceeding or hearing is insufficient, it may require *338 further and additional notice to be given as it deems proper."
 No further notice is required of postponements of hearings unless in the discretion of the court it is deemed to be necessary and is so ordered. (Sec. 1205, Probate Code.) The giving of additional notice is a matter of discretion on the part of the court and the failure to direct it is reviewable only for abuse. (In re Jessup, 81 Cal. 408, 437 [21 P. 976, 22 P. 742, 1028, 6 L.R.A. 594]; 11a Cal.Jur. 153, sec. 86.) No abuse of discretion appears in the present proceeding.
 [3] The appellants contend that the court erred in failing to try the issues raised by their objections to certain items of the final account "according to the rules of practice in civil cases," as required by section 1230 of the Probate Code. They are not specific with respect to any particular alleged omissions, with the exception of the claim of lack of service of notice of the hearing. As we have previously stated, it appears that due and legal notice of the time and place of hearing the account was given as required by law. The decree settling the account specifically finds that:
 "Proof was made to the satisfaction of the court, that the Clerk had given notice of settlement of said account and report, in the manner and for the time prescribed by law."
 In the absence of evidence to the contrary, we assume that adequate evidence was adduced to that effect. [4] It is true that issues of fact which are joined in probate proceedings must be tried in conformity with the rules in civil actions. (11a Cal.Jur. 164, secs. 98, 99.) In certain proceedings, including a contest of will, the contest of allowed claims, the determination of heirship and the restoration to mental capacity, the Probate Code specifically authorizes trials by jury in the manner provided by the Code of Civil Procedure.
 It has been frequently held that since the Probate Code does not specifically authorize a trial by jury upon issues raised by objections to an administrator's account, that right does not exist. In Estate of England, 214 Cal. 298 [5 P.2d 428], it is said in that regard:
 "It has several times been expressly held that in the absence of a statute so providing, trials by jury in the settlement of accounts in probate are not allowed. (Estate of Moore, 72 Cal. 335 [13 P. 880]; In re Sanderson, 74 Cal. [199] 208 [15 P. 753]; Estate of Franklin, 132 Cal. [584] 587 [65 P. 1081].)" *339
 [5] Moreover, if the appellants had been entitled to a jury trial on their objections to the account in this proceeding, which we do not concede, they waived it by failing to appear at the trial, and because they neglected to demand a jury trial. (Sec. 631, Code Civ. Proc.) Section 1230 of the Probate Code provides that "If no jury is demanded, the court must try the issues joined, and sign and file its decision in writing."
 [6] It is not necessary for the probate court to adopt formal findings upon the settlement of the accounts of administrators or executors. (Estate of Machado, 186 Cal. 246, 248, 251 [199 P. 505]; Estate of Tretheway, 32 Cal.App.2d 287, 293 [89 P.2d 679].) The order settling the account in this proceeding, however, did adopt findings sufficient to support the order. There is no merit in appellants' contention that the hearing of the account was not conducted in the manner required by section 1230 of the Probate Code.
 [7] Assuming that the appellants had a right of appeal from the order settling the final account of the administrator, as provided by section 1240 of the Probate Code, they were not harmed by that order, for the reason that the allowed preferred claims would absorb all the money and property for distribution if every one of their objections to the account were allowed. The appraised value of the estate was $7,317.75. The costs of administration and labor claims allowed amounted to $3,795.24. A preferred claim for an unpaid judgment was allowed Josie Ellis, in the sum of $11,840.75. The aggregate sum of all the items of said account which were contested by the appellants, including the regular and extraordinary attorneys' fees which were allowed, does not exceed the sum of $2,500.
 The order is affirmed.
 Peek, J., and Adams, P. J., concurred.