[Civ. No. 3627.   Fourth Dist.   June 5, 1947.]

THE CITY OF SAN DIEGO, Respondent, v. ELIZABETH WALTON et al., Defendants; DEVERE S. DUDLEY et al., Appellants.

Laurence B. Martin, Chauncey E. Snow and William P. Camusi for Appellants.

J. F. DuPaul, City Attorney, Morey S. Levenson, Assistant City Attorney, and Thomas J. Fanning, Deputy City Attorney, for Respondent.

GRIFFIN, J.—This is an action by plaintiff and respondent city of San Diego, for condemnation of certain properties in Mission Beach, included in a vast and extensive contemplated public improvement. Defendants and appellants Devere S. Dudley and Beulah L. Dudley, husband and wife, owned certain lots within the district. This action was filed and summons issued on January 30, 1945. Defendants were served on February 10, 1945. They answered on September 13, 1945, and only disputed the question of value of the property.

Section 1249 of the Code of Civil Procedure provides that for the purpose of assessing compensation and damages, the right accrues as of the date of issuance of summons, and its actual value as of that date is the measure of compensation, and if the case is not tried within one year after the date of commencement of the action, with certain exceptions, the compensation shall be deemed to have accrued *at the date of trial.*

On February 19, 1945, there began, by means of numerous long distance telephone calls, telegrams and letters, a successive number of requests by the attorneys for the defendants for further time to answer and for continuances on the representation that the matter might be settled without trial. These requests were successively granted by attorneys for plaintiff and an offer in price of $6,500, by the city to defendants, was suggested on May 20, 1945, but later defendants refused to accept the offer. Further time to answer was granted on various occasions thereafter. Plaintiff's counsel, during all this time, stressed the fact that the rights of plaintiff to present evidence of valuation as of the date of issuance of summons would be jeopardized if the case was not tried before January 31, 1946, within the year.

According to the record before us, the case was set for trial in Department 2 for November 5, 1945. A copy of a written notice of trial was mailed to defendants' attorneys in Los Angeles on October 3, 1945, and the original was returned and filed on January 30, 1946. On October 29, 1945, defendants' counsel phoned plaintiff's counsel and asked for a continuance until a later date and suggested November 12, 1945. Plaintiff's counsel objected and stated that he did not want to be placed in a position where the case would not go to trial within the year; that if defendants' counsel would cooperate in this respect, instead of letting the case go off calendar, he would tentatively agree to have the case continued to November 13, 1945, or some acceptable date. Defendants' counsel then agreed that he would waive a jury trial. Pursuant to this conversation, the case was continued to December 13, 1945, and ultimately continued to December 17, 1945, for trial, and a written stipulation for waiver of a jury trial was filed. On December 10, 1945, defendants' counsel filed a motion to set aside such waiver and reinstate a jury. The motion was heard before another judge and granted. The case remained set for trial for December 17, 1945, in Department 2. At the request of defendants' counsel, the case was again continued to January 7, 1946, over objections of plaintiff's counsel, who now alleges that defendants' counsel then agreed to proceed to trial within the year. On January 4, 1946, three days before trial, one of plaintiff's witnesses became seriously ill. Plaintiff's attorney phoned defendants' attorney explaining the situation and Mr. Martin, one of defendants' counsel, agreed to stipulate to a continuance so that a jury would not needlessly be in attendance on January 7th. Plaintiff again stressed the necessity of an early trial within the year and suggested that the trial be continued at least ten days. Pursuant to their conversation Mr. Martin and plaintiff's attorney, Mr. Fanning, appeared in Department 2 on January 4, 1946, and the following constitutes a brief résumé of the colloquy between the court and counsel as gleaned from the reporter's notes:

"THE COURT: I understand Counsel are here in a case that comes on Monday. MR. FANNING: Yes. THE COURT: What is the point? MR. FANNING: It is a condemnation action, Your Honor, and the City is the plaintiff in the action. We have two witnesses. One of our essential witnesses, Mr. Charles Shattuck, is in Los Angeles. That is his residence,

and we just received word now that he has been suddenly confined to his bed; . . . Mr. Martin, one of the attorneys for the defendants in the trial, is here and is willing to stipulate *to a continuance* on this short notice. However, he has informed me that he would like to consult his witnesses before another date is set, and he will be able to make that determination tonight. . . . MR. MARTIN: . . . We are here and we are advised the trial would proceed Monday. As a result I had one of the appraisers here today, and another one is en route. I can head them off, and I wouldn't want to place the City at a disadvantage, because I know this witness is an important one. THE COURT: Well, in the case of sickness, we are obliged to *grant continuances.* MR. MARTIN: That is right. My problem is to determine the date that my appraisers can be available. . . . THE COURT: What you want to do is *continue* it *to a time certain,* is that the idea? MR. MARTIN: That is right. It will be tomorrow until I can decide what time certain will be convenient for my appraisers, and I can advise the Court then and we can try and agree on the date. THE COURT: What do you want me to do about it? MR. MARTIN: We would like to have a *continuance granted* at this time, so the jury can be notified. THE COURT: On Counsel's stipulation that a *continuance may be granted,* the matter will be stricken off calendar and the time for its further consideration will be reset hereafter. MR. MARTIN: Your Honor, may we have it for consideration tomorrow morning? MR. FANNING: If the Court please, both parties have tried to conclude this action, and we have met with a certain amount of misfortune, and it has been delayed. On the 31st of January the year will have run from the date of the issuance of the summons, and I don't know, but I believe that would have an effect on the appraisals of the defendants as well as an effect on our appraisals. It would change the date when the appraised value of the property would be determined. THE COURT: Well, if you are coming in tomorrow morning, I wish you would come in as early as nine o'clock. MR. FANNING: Thank you, Your Honor. MR. MARTIN: That is quite all right, Your Honor.'' (Italics ours.)

On the next morning Mr. Martin told the city attorney that he could arrange to go to trial prior to January 30, 1946, the last day within the year, but that one of his witnesses would not be available until February 1st, and that February 1st, would be the first agreeable day of trial for him, but that he would prefer February 4th, being Monday.

Plaintiff's attorney agreed to continue the trial to February 4th if defendants' counsel would stipulate that the damages were to be calculated as of the date of issuance of summons. Mr. Martin refused. No court reporter was present the next morning, Saturday, January 5th, but the minutes of the court, apparently dictated by the judge himself, reflect the following:

"The plaintiff City of San Diego by Thomas J. Fanning, Esq., one of its attorneys and the defendants Devere S. Dudley and Beulah L. Dudley by Laurence B. Martin, Esq., one of their attorneys, having yesterday to wit, on January 4, 1946, informed the Court that by reason of the illness of one of plaintiff's witnesses they were stipulating that the above entitled cause heretofore set to be tried on January 7, 1946, might be *continued* and that they would on January 5, 1946, appear before the Court and inform the Court as to the date to which it would suit their convenience that such *continuance* should be made; and said parties by said attorneys at this time appearing and stating to the Court that they are unable to agree on the date to which the trial of said cause shall be continued, and said Laurence B. Martin having with respect to said matter filed certain affidavits; it is now ordered by the Court in the presence of said counsel for respective parties and over the objection of said Laurence B. Martin that the trial of said *cause be so continued* that instead of being tried on January 7, 1946, as heretofore ordered the same shall be tried in Department 2 of this court on January 30, 1946, at 10:00 a. m., of said day, such trial not to be concluded however before February 1, 1946, if defendants are not able to produce all of their witnesses before said last-mentioned date." (Italics ours.)

Counsel for plaintiff now claims that Mr. Martin later that day told him that he had subpoenaed three witnesses, three city councilmen, for the trial on January 7, 1946, and asked if he would assure him that these witnesses would be present on January 30, 1946. Mr. Martin denies this claim. Nevertheless, on January 23, 1946, defendants' counsel caused subpoenaes to be served on these three witnesses ordering them to appear on January 30, 1946, in Department 2, as witnesses for defendants. Return was made as to only one of these witnesses.

On January 30, 1946, at 10 a. m., the case came on regularly for trial and the jury was in attendance. Plaintiff's attorneys were present. Neither defendants nor their attorneys

were present in court, although their three witnesses did appear. The court recessed until 2 p. m. The clerk of the court called counsel for defendants on the phone during the noon hour and notified them of the facts. The clerk was told by counsel for defendants that they had received no "written notice of trial." Thereafter the matter proceeded to trial. A jury was empaneled and witnesses were sworn and examined as to valuation, etc. On February 2, 1946, a verdict was rendered for plaintiff and it fixed the value of the property at $7,000. On February 18, 1946, defendants' attorney Mr. Martin, moved to vacate the judgment, based upon the record indicated, and his affidavit stating that according to agreement with counsel for plaintiff, he appeared with them on January 4, 1946, in Department 2, and stated that he was not going to oppose "the motion to continue" and asked that the new date of trial be not fixed until he was able to determine when his appraisers would be available. He also submitted a copy of his own calendar showing nearly all dates filled except January 29th to February 5th; that he suggested February 4, 1946, when his appraisers could be present and that they would testify that the property was worth $50,000. His affidavit as to the time when the appraisers could be present was supported by an affidavit of one of the appraisers. Counsel for defendant does not deny that he was present in Department 2 when the case was continued for trial to January 30th, nor that he did not have actual knowledge of the trial date. He makes the technical argument that neither defendants nor their attorneys ever had "written notice of the new trial date," i. e., January 30, 1946, and alleges that they were not present on January 7, 1946, the actual date the trial was previously set; that since the trial court, on January 4, 1946, ordered the cause to be "stricken off calendar" and tried on January 30, 1946, over their objection, and since they were not present on January 7th, a new written notice of trial was necessary, and was a jurisdictional requirement under sections 594 and 1010 of the Code of Civil Procedure and rule IX of the Rules of the Judicial Council. In this connection it is also argued that the mere presence of counsel at the time the cause was set for trial does not eliminate the necessity of written notice, citing *Lapique* v. *Kelley*, 82 Cal.App. 586 [256 P. 229]; *Hurley* v. *Lake County*, 113 Cal.App. 291 [298 P. 123]; *Cahill* v. *Verdier*, 54 Cal.App. 465 [202 P. 154]; and *Hagenkamp* v. *Equitable Life Assurance Society*, 29

Cal.App. 713 [156 P. 520]. The trial court denied the pending motions.

The trial judge, in explaining his words as used in the minute entry of January 4, 1946, that the matter "will be stricken off calendar and the time for its further consideration will be reset hereafter," remarked that the court did use that language in disposing of the *motion* for continuance; that when the proceedings of that day and the day following are considered in their fullness, they show that what was done was in substance a continuance, and that counsel for defendants so understood it; *that the case* was continued to January 30, 1946; that counsel for both sides were present and each referred to it as a continuance and both stipulated that a continuance might be had but disagreed as to a date. We agree with the learned trial court's interpretation of the effect of the entire proceedings, notwithstanding the unhappily worded minute entry. There is no question that a day certain was fixed for the trial of the action and defendants' counsel had actual notice thereof. Whether, in addition to such actual notice, counsel for plaintiff was also required, under the law, to give five days' written notice will now be considered.

Defendants' counsel were originally notified in writing as to the date of trial. Several continuances were had to a day certain, thereafter, at their request. They were fully aware that the case was to be tried on January 7, 1946, but appeared on January 4th, to seek a continuance by stipulation. To hold that they might now take advantage of the fact that they were not present on January 7, 1946, the date set for the trial of the action, would be but a mechanical view of the law. For all intents and purposes, the appearance of counsel for both parties on a date prior to the day on which the case was actually set, at which time they sought and obtained a continuance to a day certain, would have the same legal effect as though they actually had appeared on the day of trial and obtained the continuance at that time. We do not consider this contention meritorious.

Since the action of the trial court on January 4th and January 5th was in effect merely granting a motion for a continuance of the case to a day certain, no further notice, written or oral, was necessary.

In *Capital National Bank* v. *Smith*, 62 Cal.App.2d 328, 338 [144 P.2d 665], citing *Estate of Bell*, 58 Cal.App.2d 333, 336 [136 P.2d 804]; *Langdon* v. *Blackburn*, 109 Cal. 19, 28 [41 P. 814]; *Abels* v. *Frey*, 126 Cal.App. 48 [14 P.2d 594];

and 11B California Jurisprudence page 573, section 1118, it was stated: "After notice has been properly given in the first instance, it becomes the duty of all interested parties to keep themselves informed by diligent inquiry of subsequent continuances of the hearing."

Defendants contend the cases cited are not in point because this quotation was originally taken from *Estate of Bell, supra,* which involved a probate proceeding and that under section 1205 of the Probate Code it is specifically provided that the court may continue or postpone any hearing and "no further notice of the continued or postponed hearing is required unless ordered by the court," and also argue that such code provision does not apply to a condemnation proceeding. In this connection it should also be noted that the judgment as entered recites that competent and satisfactory evidence was submitted showing that defendants were duly notified more than five days prior to the time of trial.

When due written notice has been given and a subsequent continuance had, at the request of the parties, who were present in court and had actual notice of the date to which the case was continued, the rule stated above to this extent has application to a condemnation proceeding. There was a substantial compliance with section 594 of the Code of Civil Procedure and rule IX of the Rules of the Judicial Council, and no further written notice of time of trial was required. (*Canty* v. *Pierce & Anderson,* 173 Cal. 205 [159 P. 582]; *Sheldon* v. *Landwehr,* 159 Cal. 778 [116 P. 44]; *Horstmyer* v. *Trial Board of Sacramento,* 21 Cal.App.2d 533 [69 P.2d 1021]; *Granger* v. *Sherriff,* 133 Cal. 416 [65 P. 873].)

The trial court was justified in proceeding to trial under the circumstances of this case. Plaintiff's right to a trial within the year was being jeopardized by actions of counsel for defendants as indicated by the trial judge in disposing of the motions here involved. He first read from the syllabus of *Canty* v. *Pierce & Anderson, supra,* as follows:

"Where an attorney has knowledge long in advance that a case is in fact set for trial on a certain date, there is no necessity for giving any formal notice such as is contemplated by section 594 of the Code of Civil Procedure; and where he is in no sense taken by surprise, but is fully advised of the desire of the other side to proceed with the trial upon the date set, and of the fact that no further continuance will be consented to, if he has not made sufficient preparation, it is his own neglect, . . . "

Continuing, he said:

"I don't see any reason why that was not and is not good law. I have no doubt in Los Angeles they follow a cautious practice as any court would do, of course, where somebody's rights were not jeopardized by doing so. I would have preferred to do the same thing. But here was a case where the City had substantial rights for feeling that if it went over into February, the City would forfeit an actual right. The situation from the standpoint of the defendants, if I may be frank, struck me as an effort to obtain a technical advantage by getting the case over into February in some manner or other, and I didn't feel that it was the duty of the Court to further that effort. It seemed to me that the appearance of Counsel at the time amounted and ought to amount in law to a waiver of any notice of trial under section 594 other than such as resulted from the presence of Counsel and the discussion had in Counsel's presence, or any notice of trial under the Judicial Council rule."

There were sufficient reasons to show why plaintiff would have been prejudiced had the trial been continued again, and beyond the year. Counsel have shown no disposition to rightfully and lawfully relieve plaintiff from such prejudice if a new trial was granted. We find ourselves in the same position in reference to a reversal of the judgment. The errors claimed in the motion for a new trial are reviewable on appeal from the judgment and the order denying such a motion is not an appealable order. The attempted appeal therefrom is dismissed. (*Regoli* v. *Stevenson,* 179 Cal. 257 [176 P. 158].) Since the trial court had jurisdiction to proceed, we are unable to find any prejudicial error or any justifiable reason to order a reversal of the judgment or order refusing to vacate the judgment.

Judgment and order affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing was denied June 30, 1947.