Filed 1/11/24 Eagle Mist Corp. v. Laughlin CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| EAGLE MIST CORPORATION,<br><br>    Cross-complainant, Cross-defendant and Appellant;<br><br>KEVIN LAUGHLIN,<br><br>    Cross-defendant and Appellant;<br><br>    v.<br><br>DEFENSE NUTRITION, LLC, et al.,<br><br>    Cross-complainants, Cross-defendants and Respondents. | B321353<br><br>Los Angeles County<br><br>Super. Ct. No. BC629719 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael P. Linfield, Judge. Affirmed.

Tauler Smith, Robert Tauler, and Camrie M. Ventry for Appellants Eagle Mist Corporation and Kevin Laughlin.

Law Office of Steven R. Lovett and Steven R. Lovett for Respondents Defense Nutrition, LLC and Ori Hofmekler.

Wood, Smith, Henning & Berman, Nicholas M. Gedo, and Ashley Beagle for Respondents Sapphire Bakery Company, LLC and Bruce Olsen.

Small Law and William F. Small for Respondents Julian Bakery, Inc. and Heath Squier.

---

**INTRODUCTION**

This litigation concerns a failed business deal involving cross-complainant, cross-defendant, and appellant Eagle Mist Corporation (Eagle Mist), its principal, cross-defendant, and appellant Kevin Laughlin,[1] cross-complainants, cross-defendants, and respondents Julian Bakery, Inc. (Julian Bakery), Defense Nutrition, LLC (Defense Nutrition), Sapphire Bakery Company, LLC (Sapphire Bakery), and their respective principals Heath Squier, Ori Hofmekler, and Bruce Olsen (collectively, the principals). After Defense Nutrition filed a complaint, the remaining parties filed a series of cross-complaints all generally alleging fraud and breaches of contract. The claims were tried to a jury. The issues presented in this appeal relate only to the judgment against Eagle Mist on its cross-complaint.

Eagle Mist raises two narrow legal issues in this appeal. First, Eagle Mist complains that the principals improperly failed to appear to testify during its case-in-chief, notwithstanding the

---

[1] Laughlin is listed in the notice of appeal and on the appellate briefs as a cross-complainant. We note, however, that Laughlin is not listed as a party to Eagle Mist's cross-complaint.

2

notices to appear at trial it served under Code of Civil Procedure section 1987, subdivision (b).[2] As we explain, however, the notices to appear were deficient and therefore the court did not err by denying Eagle Mist's motion for mistrial due to the principals' failure to appear on the date it requested.

Second, Eagle Mist asserts that the court erroneously excluded from evidence certain invoices it suggests support its damages claim. We are unable to address this issue on the merits due to Eagle Mist's failure to provide an adequate appellate record.

Finally, we note that Eagle Mist and Kevin Laughlin have forfeited any challenge to the judgment against them and in favor of Defense Nutrition and Hofmekler. We affirm the judgment.

**FACTS AND PROCEDURAL BACKGROUND**

Few facts about the underlying litigation are relevant to this appeal. Accordingly, we provide only a general background of the case.

This litigation arises from a business venture involving the formulation, manufacture, distribution, and sale of nutrition bars. Four business entities were involved—Julian Bakery, Defense Nutrition, Eagle Mist (doing business as Osagai International), and Sapphire Bakery. The cause of the venture's failure is not pertinent to the issues on appeal.

Defense Nutrition initiated the present action by filing a complaint against Julian Bakery and Squier. Julian Bakery responded by filing a cross-complaint against Defense Nutrition,

---

[2] All undesignated statutory references are to the Code of Civil Procedure.

Hofmekler, Eagle Mist, and Sapphire Bakery. Eagle Mist filed a cross-complaint against Julian Bakery, Squire, Defense Nutrition, Hofmekler, Sapphire Bakery, and Olsen (collectively, the cross-defendants). Defense Nutrition and Hofmekler, as well as Julian Bakery, also filed cross-complaints.

The lead case for purposes of trial was Eagle Mist's cross-complaint. As pertinent here, Eagle Mist alleged that Defense Nutrition breached two contracts with Eagle Mist—a non-disclosure agreement and a manufacturing agreement—and that Sapphire Bakery breached a non-disclosure agreement. In addition, Eagle Mist asserted a conversion claim against all cross-defendants alleging Eagle Mist had purchased ingredients to manufacture nutrition bars and its ingredients had been used to manufacture bars for which it was never paid. Eagle Mist also asserted two fraud claims against all cross-defendants. First, as to intentional misrepresentation, Eagle Mist claimed the cross-defendants conspired to oust Eagle Mist from the business venture and offered pretextual reasons for doing so. Second, as to concealment, Eagle Mist asserted the cross-defendants repeatedly engaged in secret communications designed to take possession of manufactured nutrition bars contrary to Eagle Mist's instructions and without Eagle Mist's consent and, ultimately, to exclude Eagle Mist from the business venture. In addition, a cross-claim for intentional misrepresentation by Julian Bakery against Eagle Mist and Laughlin and cross-claims for breach of contract and intentional misrepresentation by Defense Nutrition and Hofmekler were also tried.

A five-day jury trial took place in March 2022. The jury unanimously found against Eagle Mist on each of its causes of action. The jury found in favor of Defense Nutrition and

4

Hofmekler on their breach of contract claim against Eagle Mist and Laughlin and awarded damages of $51,990.30 but found against Defense Nutrition and Hofmekler on the fraud claim. The jury also found against Julian Bakery on its fraud claim. The court entered judgment on the jury's verdict and this timely appeal followed.

## DISCUSSION

Eagle Mist asserts the trial court erred by failing to grant a motion for mistrial after the principals refused to testify during its case-in-chief. In addition, Eagle Mist claims the court erred in excluding evidence relevant to its calculation of monetary damages.[3] We reject both arguments.

1. **The court did not err in denying Eagle Mist's motion for mistrial.**

Eagle Mist argues that it was denied a full and fair trial because some of the principals refused to testify during its case-in-chief. Accordingly, Eagle Mist asserts, the court erred in denying its motion for mistrial on that issue. We disagree.

### 1.1. Standard of Review

"It is well-settled that a trial court has the discretion to declare a mistrial when 'an error too serious to be corrected has occurred.' [Citations.] Among the recognized grounds for a

---

[3] Neither Eagle Mist nor Laughlin asserts error with respect to the judgment against them on Defense Nutrition and Hofmekler's cross-complaint. Accordingly, they have forfeited any challenge to that portion of the judgment. (See *Meda v. Autozone, Inc.* (2022) 81 Cal.App.5th 366, 383 [noting matters not properly raised or that lack adequate legal discussion will be deemed forfeited].)

5

mistrial are ' "any … irregularity that either legally or practically prevents … either party from having a fair trial." ' [Citation.] Whether a particular trial incident has incurably damaged a party's right to a fair trial is by its nature largely a qualitative matter requiring an assessment of the entire trial setting. For this reason, trial courts are vested with wide discretion in ruling on mistrial motions. [Citation.] The trial court, 'present on the scene, is obviously the best judge of whether any error was so prejudicial to one of the parties as to warrant scrapping the proceedings up to that point.' [Citation.] A trial court should grant a mistrial only when a party's chances of receiving a fair trial have been irreparably damaged. [Citation.]" (*Velasquez v. Centrome, Inc.* (2015) 233 Cal.App.4th 1191, 1214; see *Bader v. Johnson & Johnson* (2022) 86 Cal.App.5th 1094, 1128.)

We review the denial of a motion for mistrial for an abuse of discretion. (See *Qaadir v. Figueroa* (2021) 67 Cal.App.5th 790, 812.)

### 1.2. Legal Background

Eagle Mist's motion for mistrial relates to the principals' failure to appear to testify at trial during its case-in-chief. Section 1987 sets forth the procedure used to compel witnesses to testify in court proceedings. Generally, a subpoena is required. (*Id*., subd. (a).) A less formal procedure may be used to compel a party to the action to testify, however. As pertinent here, section 1987, subdivision (b) provides: "In the case of the production of a party to the record of any civil action or proceeding … , the service of a subpoena upon any such witness is not required if written notice requesting the witness to attend before a court, or at a trial of an issue therein, with the time and place thereof, is served upon the attorney of that party or person.

6

The notice shall be served at least 10 days before the time required for attendance unless the court prescribes a shorter time. … The giving of the notice shall have the same effect as service of a subpoena on the witness, and the parties shall have those rights and the court may make those orders, including the imposition of sanctions, as in the case of a subpoena for attendance before the court."

### 1.3. Additional Facts

A few additional facts are essential to our analysis. The trial was initially set to begin on January 11, 2022. On November 23, 2021, Eagle Mist timely served the principals with notices under section 1987 to appear and testify at trial on January 11, 2022. The trial was delayed due to the Covid-19 pandemic, however, and the matter was reset to begin trial on March 15, 2022.

Eagle Mist attempted to compel one or more of the principals to testify in court on March 17, 2022, as part of its case-in-chief. Counsel for each of the principals objected on the ground that Eagle Mist had not properly noticed the principals' appearances to testify on that date. The court ruled the principals were not required to testify during Eagle Mist's case-in-chief, but that Eagle Mist would be allowed to cross-examine them beyond the scope of direct examination if they testified in person for the cross-defendants.

Eagle Mist read excerpts from Olsen's deposition and played portions of Squier's video deposition during its case-in-

chief in lieu of live testimony.[4] Eagle Mist moved for a mistrial on March 18, 2022, due to the principals' failure to appear. The court denied the motion.

### 1.4.  Analysis

Eagle Mist asserts that the principals were required to testify during its case-in-chief pursuant to properly served notices to appear to testify at trial. Specifically, Eagle Mist claims that the notices to appear for trial it served relating to the January 2022 trial required the principals to appear at the rescheduled March 2022 trial without further notice. We disagree.

First, the language of section 1987, subdivision (b), does not support Eagle Mist's argument. Section 1987, subdivision (b), allows a party to summon a party witness to testify in court by serving the party's attorney with a "written notice requesting the witness to attend before a court, or at a trial of an issue therein, with the time and place thereof[.]" We note, in particular, that "the time and place" of the court proceeding is a required element of the notice. (E.g., *Elsner v. Uveges* (2004) 34 Cal.4th 915, 927 [noting that statutory construction begins with the language of the statute].) The statute does not provide that "the time and place" of the party witness's appearance is somehow automatically revised if the trial is continued.

Moreover, there are procedures available to change the date and time of a witness's compelled testimony. Specifically, section 1987, subdivision (b), provides that "[t]he giving of the

---

[4] Hofmekler testified during Eagle Mist's case-in-chief under Evidence Code section 776.

notice shall have the same effect as service of a subpoena on the witness, and the parties shall have those rights and the court may make those orders, including the imposition of sanctions, as in the case of a subpoena for attendance before the court." Like a notice to a party witness to appear, a subpoena directs a witness to appear at "a particular time and place to testify as a witness." (§ 1985, subd. (a).) If the witness is unavailable, the trial is continued, or other adjustments must be made, a new subpoena for the new date and time—a course of action not taken by Eagle Mist here—may be issued. In the alternative, section 1985.1 provides that the party and the witness may agree on a different date and time without serving a new subpoena: "Any person who is subpoenaed to appear at a session of court, or at the trial of an issue therein, may, in lieu of appearance at the time specified in the subpoena, agree with the party at whose request the subpoena was issued to appear at another time or upon such notice as may be agreed upon. Any failure to appear pursuant to such agreement may be punished as a contempt by the court issuing the subpoena." Evidently, Eagle Mist did not come to an agreement with the principals as to an alternate date and time for their testimony after the trial date was reset.

In any case, Eagle Mist contends it was only required to issue notices to appear with respect to the January 2022 trial date and it was then the responsibility of the principals to appear to testify on the continued trial date without further notice. According to Eagle Mist, "if a defendant has been properly served with a summons and complaint, the plaintiff generally does not need to serve a separate demand to direct the defendant to appear for the purpose of giving testimony at trial." This is not the law. A summons by its terms requires a defendant to file a

written response to the complaint. It does not compel a defendant's personal appearance at trial. Indeed, a court may not force a party to be personally present at the trial of a civil action. (See, e.g., *Wisniewski v. Clary* (1975) 46 Cal.App.3d 499, 505.)

In support of its argument, Eagle Mist relies exclusively on section 594. That section provides that a party may try and bring to judgment an issue of fact in the absence of the adverse party but must first prove to the court's satisfaction that 15 days' notice of the trial was given. (§ 594, subd. (a); *People ex rel. San Francisco Bay Conservation etc. Com. v. Smith* (1994) 26 Cal.App.4th 113, 126.) Section 594 is a safeguard that allows a party to proceed in the absence of an opposing party only if the requisite notice has been given. It does not require a party to appear personally at trial or to testify at trial. As such, section 594 does not assist Eagle Mist. Notably, all of Eagle Mist's cited case authority on this point relates to notice of trial proceedings under section 594 rather than notice to appear and testify under section 1987. (See *In re Phillip F.* (2000) 78 Cal.App.4th 250, 256–257 [noting in civil cases "when proper notice has been provided in the first instance and a party fails to appear, the court may continue the trial without requiring further notice to the absent party"]; *San Francisco v. Carraro* (1963) 220 Cal.App.2d 509, 518 [noting after notice of trial proceedings has been given under section 594, "it is the duty of all parties to keep themselves informed by diligent inquiry of all subsequent continuances"]; *City of San Diego v. Walton* (1947) 80 Cal.App.2d 206, 212 [same]; *Capital National Bank v. Smith* (1944) 62 Cal.App.2d 328, 338 [same].)

In sum, Eagle Mist failed to comply with section 1987, subdivision (b), and it cites no case or statutory authority

supporting its position that it was not required to do so in order to compel the principals to testify at trial in March 2022. Accordingly, the court did not abuse its discretion in denying Eagle Mist's motion for mistrial based on the principals' failure to appear.

**2.    Eagle Mist's argument that the court erred by excluding evidence at trial is not supported by an adequate record.**

Eagle Mist asserts the court erred in excluding certain invoices that purportedly document Eagle Mist's claimed damages on its breach of contract claim. Because the record does not include either the excluded invoices or the evidence Eagle Mist used at trial to prove its damages, we are unable to review Eagle Mist's argument on the merits.

### 2.1.   Appellant's Burden on Appeal

It is well-settled that "[a]ppealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502, citing *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) As the party challenging the court's presumably correct findings and rulings, Eagle Mist is required "to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) "Failure to provide an adequate record on an issue requires that the issue be resolved against appellant." (*Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660; see also Cal. Rules of Court, rule 8.204(a)(1)(C)[5] [briefs must support any reference to a

---

[5] All further rule citations are to the California Rules of Court.

matter in the record with a citation to the record]; rule 8.204(a)(2)(C) [appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record"].)

Further, when an opening brief fails to make appropriate references to the record in connection with points urged on appeal, the appellate court may treat those points as waived or forfeited. (See, e.g., *Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 779–801 [several contentions on appeal "forfeited" because appellant failed to provide a single record citation demonstrating it raised those contentions at trial].) "[A]n appellant must present argument and authorities on each point to which error is asserted or else the issue is waived." (*Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 867.) Matters not properly raised or that lack adequate legal discussion will be deemed forfeited. (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656.)

Finally, an appellant has the burden not only to show error but prejudice from that error. (Cal. Const., art. VI, § 13.) If an appellant fails to satisfy that burden, his or her argument will be rejected on appeal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing there was a miscarriage of justice. [Citations.] Nor will this court act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial. [Citations.]" (*Ibid.*)

### 2.2. Eagle Mist failed to provide an adequate record.

In this appeal, Eagle Mist elected to proceed by appendix pursuant to rule 8.124. Rule 8.124 requires that an appellant's appendix contain any item listed in rule 8.122(b)(3) "that is *necessary for proper consideration of the issues … .*" (Italics added.) Such items may include "[a]ny … document filed or lodged in the case in superior court" and "[a]ny exhibit admitted in evidence, refused, or lodged[.]" (Rule 8.122(b)(3)(A), (B).) While the appellate record includes a reporter's transcript of the testimony during the trial, it includes only nine of the roughly 40 exhibits admitted in evidence during the trial. In particular, the record does not include the exhibits Eagle Mist used, or sought to use, to support its damages claim.

Evidence Code section 354 prohibits setting aside a judgment or decision "by reason of the erroneous exclusion of evidence unless the court which passes upon the effect of the error or errors is of the opinion that the error or errors complained of resulted in a miscarriage of justice … ." (See *Zhou v. Unisource Worldwide* (2007) 157 Cal.App.4th 1471, 1480 [trial court's error in excluding evidence is grounds for reversing a judgment only if the party appealing demonstrates a miscarriage of justice].) Here, Eagle Mist complains that the court erroneously granted a motion in limine to exclude all invoices that Eagle Mist had assigned to a factor in exchange for financing. And it asserts that this ruling prejudiced its ability to present evidence concerning the damages on its breach of contract claim.

Assuming for the sake of argument that the court's evidentiary ruling was erroneous, we conclude that Eagle Mist has failed to establish the error was prejudicial. First, Eagle Mist

13

does not discuss the evidence it presented in support of its breach of contract claim. Nor does the record include all such evidence, as Eagle Mist relied on at least one purchase order that is not included in the appellate record. Eagle Mist also does not explain why the excluded evidence was necessary to its case, other than to say generally that an invoice is evidence of money due for services performed. In other words, Eagle Mist does not explain specifically *how* the excluded evidence would have bolstered its case or how its omission *prejudiced* its case. And because the excluded evidence is not in the record, we could not make such an assessment even if we were inclined to do so.

Further, Eagle Mist fails to discuss the facts pertinent to the motion in limine. Specifically, before granting the motion in limine at issue, the court granted a motion in limine excluding a stipulated judgment against Eagle Mist and in favor of Premier Trade Solutions, Inc. (PTSI), a company that apparently purchased certain invoices from Eagle Mist in exchange for financing. The motion in limine at issue sought to exclude the invoices assigned to PTSI on multiple grounds, including that Eagle Mist lacked standing to seek damages based on invoices it never owned. Eagle Mist also fails to mention that the testimony of its damages expert was excluded in its entirety—a matter that may also have hindered its ability to present evidence of damages on its breach of contract claim.

In sum, because Eagle Mist provided neither a complete record nor a complete discussion of the pertinent facts, it failed to meet its burden to show prejudicial error. We must therefore resolve the issue against it. (See *Hernandez v. California Hospital Medical Center*, *supra*, 78 Cal.App.4th at p. 502.)

14

## DISPOSITION

The judgment is affirmed. Respondents shall recover their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                                        LAVIN, J.

WE CONCUR:



EDMON, P. J.



EGERTON, J.