[L. A. No. 797.   Department One. — July 24, 1901.]

## RALPH GRANGER, Appellant, v. J. A. SHERRIFF et al., Respondents.

SUMMONS — FORECLOSURE OF MORTGAGE — DIRECTION TO DEFENDANT. — Under section 407 of the Code of Civil Procedure, as amended in 1897, the notice to the defendant in the summons in an action to foreclose a mortgage need not be in the alternative; a notice that upon his failure to appear and answer, "the plaintiff will apply to the court for the relief demanded in the complaint," is sufficient.

PRACTICE — GUARDIAN AD LITEM — NOTICE TO WARD. — It is not necessary to the appointment of a guardian *ad litem* of an insane defendant, that prior notice of the application for the appointment should be served upon either the insane person or his attorneys.

ID. — NOTICE OF TRIAL — WAIVER BY GUARDIAN. — A guardian *ad litem* has power to waive the five-days' notice of the setting of a case for trial, required by section 594 of the Code of Civil Procedure, as amended in 1899; and such waiver is had, if the guardian, on the day set for the trial, appears in court and objects to the proceeding, and the court thereupon, without further objection from him, continues the trial for three days.

APPEAL from a judgment of the Superior Court of San Diego County.   J. W. Hughes, Judge.

The facts are stated in the opinion.

Luce & Sloane, for Appellant.

Frederic W. Stearns, for Respondents.

GRAY, C. — This is an action to foreclose a mortgage given to secure the payment of a note for the principal sum of $48,-500, besides interest and attorney's fees.   The plaintiff had judgment, and defendants appeal therefrom, and urge three grounds of reversal, which we will notice in their order.

1. The sufficiency of the summons is challenged, and a motion was made to quash the same, on the ground that it did not conform to the requirements of section 407 of the Code of Civil Procedure, in that it did not contain a notice that unless the defendants appear and answer, "the plaintiff will take judgment for any money or damages demanded in the complaint as arising upon contract, or will apply to the court for any other relief demanded in the complaint."

The notice contained in the summons is as follows: "And you are hereby notified that unless you appear and answer as above required, the said plaintiff will apply to the court for the relief demanded in the complaint." Under said section 407 of the Code of Civil Procedure, before its amendment in 1897, there can be no question that a notice in a summons in the above form, in a foreclosure suit, would have been proper and sufficient.

We do not think that the amendment to the section had the effect to make a summons in such a suit insufficient, merely because the notice in it is not worded in the alternative. This has already been held, in effect, in the recent and well-considered case of *Stanquist* v. *Hebbard*, 122 Cal. 268, wherein it is said: "In deciding that a summons which follows the language of section 407 is not void, we do not intimate that a summons based on a complaint on contract for money or damages, or a summons based upon a complaint asking for equitable relief, would be void if not worded in the alternative. In one case a notice that unless the defendant appears and answers, the plaintiff will take judgment for any money or damages demanded in the complaint as arising upon contract, and in the other case a notice that unless the defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint, would substantially comply with the statute."

It is objected by appellant that this is mere *dictum*, and so indeed it seems to be, but it may be observed that it is the *dictum* of the court in Bank, and is supported by the reasoning of the opinion, wherein it is clearly pointed out, that, under the statute as amended, the summons leaves the defendant in the dark as to the nature of the cause of action as well as to the relief sought, and the copy of the complaint which is required in all cases as part of the service of process must be looked to for much of the information required by defendant. It seems, then, that the summons, aside from the copy of the complaint, being in the alternative, affords the defendant little or no notice or information, where it follows the statute strictly, as to what will be done in case of a default. The defendant, however, cannot be heard to complain because the summons goes further than the requirement of the statute, and does in fact furnish some definite information as to what

the plaintiff will do in case of a failure on the part of defendant to appear and answer. The copy of the complaint is still left him, and he may refer to that, and treat the notice in the summons as supererogatory, if he so desires. We therefore think the "*dictum*" referred to contains a correct statement of a rule applicable to the case at bar.

2. Pending the litigation, and after she had appeared and answered, but before the trial, and on the eleventh day of November, 1898, Eliza Sherriff, one of the defendants, was adjudged to be insane, and ordered committed to the insane asylum. Thereafter the case was set for trial for April 13, 1899, and on that day, on calling the case, the court adjourned the trial to the following day, at ten o'clock, A. M., at which time counsel for plaintiff, without previous notice thereof having been given, moved the court for the appointment of a guardian *ad litem* for said insane defendant. Thereupon Luce & Sloane, attorneys of record for said defendant, appearing specially for that purpose, objected to the hearing of the motion and to the appointment of a guardian, on the ground that no notice had been "served on said Eliza Sherriff, or upon her attorneys of record in this case." The objection was overruled, and W. A. Sloane, of the said firm of Luce & Sloane, was appointed and accepted the position of guardian *ad litem*, subject to the objections and exceptions taken to the power of the court to make such appointment.

There is no requirement of notice prior to the appointment of a guardian *ad litem* to be found in the statutes, so far as we have been able to ascertain; and it has been intimated in at least one case that no such notice is necessary. In *Crawford* v. *Neal*, 56 Cal. 321, it is said that "applications for such an appointment are made *ex parte*," and section 373 of the Code of Civil Procedure is cited as confirming this statement. That section shows how a guardian "must be appointed," and as it does not provide for any notice, we think that no notice is required, and that the appointment was properly made on the application of the plaintiff, and without notice. (See also Code Civ. Proc., sec. 372; *Emeric* v. *Alvarado*, 64 Cal. 529, at p. 594.)

3. On said fourteenth day of April, and after his appointment as guardian *ad litem* and his acceptance thereof, W. A. Sloane, as guardian *ad litem* for said defendant Eliza Sherriff, appearing specially for that purpose, objected to proceeding with the trial, on the ground that said defendant was adjudged

insane, and was committed to and was still in the insane asylum, "and that said guardian *ad litem* has not had sufficient time to prepare for the trial, or to investigate and determine his rights and duties as such guardian *ad litem.*" Whereupon, by order of the court, further hearing of said action was adjourned to Monday, April 17, 1899, at ten o'clock, A. M.

On the last-mentioned day and hour the said guardian again "objects to the trial of this action at this time," and moves the court that the order setting said cause for trial be vacated and set aside, on the ground that said action has been set down for trial without five days' notice or any notice thereof to said defendant Eliza Sherriff or to her guardian *ad litem.* To this motion the court made reply: "If you want time for preparation for trial, I will give it to you. If you do not, we will proceed with the trial." To which said guardian replied, "This is all the appearance I care to make,—the one I make by motion here,—and I ask that the statutory time of notice be given." The motion was denied, to which the guardian excepted. An affidavit was filed, showing that no notice had been given.

We think the appearance of the guardian, as such, on April 14th, the day to which the trial had been postponed, and his objection to then going into the trial on the grounds then stated by him, constituted a waiver on his part, and on behalf of his ward, of the five days' notice of the setting of the case required by section 594 of the Code of Civil Procedure, as amended in 1899. The objection that he then made was, in effect, a request or motion to the court to continue the trial of the case; and that the court so understood it is evidenced by the fact that it at once made an order continuing it for three days. To the time fixed in this order no objection was made, and no suggestion of a desire to have the order setting the case for trial vacated came from the guardian at the date of this request. The case, then, is not different from what it would be if it had been set for trial for the 17th of April on the guardian's own motion. It was within the power of the guardian to waive the notice, and we hold that he did waive it.

The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Van Dyke, J., Garoutte, J., Harrison, J.