[Civ. No. 4178. Third Appellate District.—April 8, 1931.]

ABBIE F. HURLEY, Appellant, v. LAKE COUNTY (a Corporation) et al., Respondents.

James Sykes for Appellant.

H. G. Crawford, District Attorney, and Charles Kasch for Respondents.

MR. JUSTICE PLUMMER Delivered the Opinion of the Court.—The plaintiff appeals from a judgment of dismissal entered in the above-entitled cause on the seventh

day of May, 1930. The dismissal was granted upon motion of the respondents, based upon subdivision 3 of section 581 of the Code of Civil Procedure.

The record shows that this cause was set for trial on various dates, the date being changed from time to time on account of other business of the court. While there is some slight confusion as to the various dates when orders were entered setting the cause for trial, it appears from the transcript that on the fourteenth day of February, 1930, the plaintiff served and filed with the clerk a memorandum asking that the cause be set for trial. On the twenty-first day of February, 1930, the court fixed the trial date for March 31, 1930, and thereafter an order was made changing the date of trial to April 7, 1930. Thereafter, this order was revoked and the cause reset for trial for May 5, 1930.

On the fifth day of May, 1930, counsel for the respondents appeared in court ready for trial, the plaintiff not appearing, and the following proceedings were had: "The Court: This case has been set since March 23rd? Mr. Crawford (attorney for respondents): Yes, and notice given April 4th. The Court: That is in the matter of the trial date? Mr. Crawford: Yes. Mr. Kasch (also of counsel for respondents): Yes. Then a month and one day elapsed since the notice of trial was given. The Court: Is there anything on file showing that a continuance has been applied for? Mr. Crawford: No, sir. The Court: Have you any record showing how the service was made, by mail? Mr. Crawford: Yes, and the affidavit of service by mail is on file with the papers. It was filed the same day as notice was given, April 4th. In addition to the above, certain testimony was received in support of the motion: H. G. Crawford, called on behalf of defendants, sworn. Direct examination by Mr. Kasch: Q. Mr. Crawford, you are the District Attorney of Lake County? A. I am. Q. And you were such on the 30th day of April, 1930? A. I was. Q. Did you have any correspondence with James Sykes, one of the attorneys for the plaintiff in the case of Hurley versus Lake County, and others? A. I did. Q. I show you a letter dated April 30th, and I will ask you if you received that letter? A. I did, on the 1st day of May, 1930. Q. In the ordinary course of the mail? A. Yes, sir. Mr. Kasch: I would like to introduce this as part of the record, your

Honor. The Court: Let it be admitted. Mr. Kasch: It is dated April 30th, 1930. (Mr. Kasch reads letter, the following of which is a copy): 'Phone: Davenport 9266—Law Offices of James Sykes—Kohl Building—Montgomery and California Sts., Rooms 917–18–19 — San Francisco—April 30, 1930. Mr. H. G. Crawford, District Attorney, Lakeport, Lake County, California. Re: Hurley vs. Lake Co., No. 3481. Dear Sir: I am associated with Mr. James Brennan as attorney for Miss Hurley in the above entitled case. There have been several changes of date of trial in this case and it now appears that Miss Hurley, the plaintiff, will be unable to secure a leave of absence as a school teacher in San Francisco until the school vacation in June and July. I therefore ask that the trial date be set for some day during the last week in June or during the month of July. If you consent to this change, will you kindly let me know the date for which it is set and plaintiff will be ready to proceed at that time. Thanking you in advance for doing so, I am, Yours very truly, James Sykes.' The Court: What is the date of that letter? Mr. Kasch: April 30, 1930. Q. Did you reply to that letter Mr. Crawford? A. I did on the same day. Q. And deposited your reply in the United States Postoffice, addressed to Mr. Sykes? A. I did not personally, but I saw it was deposited. Q. You saw it was deposited, it was done under your direction? A. Yes, sir. Q. Is this a copy of a letter you wrote Mr. Sykes? A. Yes, sir, that is a carbon copy. Mr. Kasch: It is dated, your Honor, May 1st, 1930. Mr. Kasch reads the following letter, which was marked Defendant's Exhibit No. 2: 'May 1st, 1930. James Sykes, Esq., Attorney at Law, Kohl Building, Montgomery and California Streets, San Francisco, California. Dear Sir: Your letter of April 30th, relative to the case of Hurley vs. Lake County, No. 3481, has been received. The case is on to be tried on Monday the 5th day of May, 1930, and as we are now ready for trial I cannot consent to the change of trial date. Very truly yours. H. G. Crawford, District Attorney.' Mr. Kasch: I ask that it be marked Defendant's Exhibit No. 2. That will be all, Mr. Crawford. Your Honor, would you swear the clerk, please? The court swears the County Clerk, Fred H. Merritt. Direct examination of Fred H. Merritt by Mr. Kasch: Q. Mr. Merritt, you are the County Clerk of

Lake County? A. Yes, sir. Q. And you have been such for some years past? A. Yes. Q. You were such on April 1st, 1930? A. Yes, sir. Q. I will show you what purports to be a letter signed by James F. Brennan, and I would ask you if you received this letter in the ordinary course of the mail? A. Yes, that is a letter I received. Mr. Kasch: It is dated April 1st, 1930, your Honor. Mr. Kasch reads the following letter: (On letterhead of James F. Brennan). April 1, 1930. Hon. Fred H. Merritt, County Clerk, Lake County, Lakeport, Cal. Dear Sir: Referring to the case of Hurley v. Lake County et al., No. 3481, we would like to have the date of trial changed to some time during the third week in April. Will you please advise if this case can be tried during that week. Thanking you, Very truly yours, Jas. F. Brennan.''

The foregoing is all the testimony bearing upon the question of notice, introduced upon the hearing of the respondents' motion to dismiss. The reporter's transcript is certified to as containing a full, true and correct transcript of the proceedings had at the time of the hearing of the motion, and also of the testimony offered and received in evidence.

The appellant contends that the evidence introduced upon the hearing of the respondents' motion is insufficient, and the entry of the judgment of dismissal was erroneous by reason of the fact that section 594 of the Code of Civil Procedure was not complied with. That section reads: ''Either party may bring an issue to trial or to a hearing, and in the absence of the adverse party, unless the court, for good cause, otherwise direct, may proceed with the case and take a dismissal of the action or a verdict or judgment, as the case may require; provided, however, that if the issue to be tried is an issue of fact, proof must be made to the satisfaction of the court that the adverse party has had five days' notice of such trial.'' The letters introduced in evidence fall short of giving the required five days' notice. The letter dated May 1, 1930, written by one of respondents' counsel, calls attention to the fact that the cause is set for trial on May 5, 1930. This letter, mailed at Lakeport, in the county of Lake, was addressed to appellant's counsel in the city of San Francisco, thus showing upon its face that the five days' notice, as required by the quoted

section of the code, was not given. So far as the notice claimed to have been given on April 4, 1930, is concerned, the record is manifestly insufficient to prove any such claim. As we have set forth, the evidence shows simply the following: ''By the Court: Is there anything on file showing that a continuance has been applied for? Mr. Crawford: No, sir. By the Court: Have you any record showing how service was made by mail? Mr. Crawford: Yes, and the affidavit of service by mail is on file with the papers; it was filed the same day a notice was given, April 4th.''

 The affidavit referred to was not introduced in evidence. The notice said to have been forwarded on the fourth day of April, 1930, was not introduced in evidence. The affidavit filed in the papers is made a part of the clerk's transcript upon this appeal, but it is not certified to by the judge of the trial court, as having been referred to and used upon the hearing of the motion, and therefore cannot be considered by this court. Such an affidavit is no part of the judgment-roll. Section 670 of the Code of Civil Procedure specifies what papers constitute a judgment-roll, and an affidavit of service of a notice is not included within the list, so that whatever may be contained in the affidavit is wholly immaterial and cannot be referred to by us for any purpose. Ever since the decision in the case of *Nash* v. *Harris,* 57 Cal. 242, the rule has been followed that unauthenticated papers constitute no part of the record which can be considered upon appeal.

The respondents call our attention to section 2009 of the Code of Civil Procedure, which permits the use of affidavits in proving the fact of notice being mailed. The respondents' reference to this section is well founded so far as the claim is made that affidavits of giving notice may be admitted in evidence to prove the fact of notice having been given, but the unfortunate predicament in this case, so far as respondents are concerned, is that the notice and affidavit were not admitted in evidence. All that the transcript shows as certified to as being full and correct by the trial court is that one of the respondents' counsel stated that there was an affidavit filed in the cause of notice having been mailed. The contention is now made that the court takes judicial notice of its own records. This contention is true, but the affidavit and notice referred to are not

a part of the records of the court, are not papers of which a court takes judicial notice until they have been properly introduced in evidence, and if they are sufficient in form and substance to prove the fact of notice being given, then and in that case the court is warranted in acting thereon, but not until such proof is made. The filing of an affidavit among the papers of a cause, no more proves any fact in controversy than would the filing of a deposition which is not introduced in evidence be proof of the matters to which the witness has deposed.

In the case of *Estate of Dean,* 149 Cal. 487 [87 Pac. 13, 17], we find the following in the court's opinion as set forth on page 492: "A court should not dismiss an action under subdivision 3 of section 581 of the Code of Civil Procedure, for failure of the plaintiff to appear on the trial, except upon proof made in compliance with the above-quoted proviso of section 594 of the Code of Civil Procedure, designed to prevent the manifest injustice of dismissing a party's action, or trying it in his absence, because of his failure to appear at a time at which he could not be held to have had notice that the trial would be had, or that any proceeding would be taken against him. When upon direct appeal from the judgment of dismissal, it affirmatively appears that such a dismissal has been had against a party, without any showing having been made to the court of notice had by such party of the time of trial, and waiver of such notice on his part is not shown, it seems clear that the judgment of dismissal is erroneous, and should be reversed. In the absence of a showing to the contrary, such an error must be deemed prejudicial." The record shows no waiver on the part of the plaintiff, but on the contrary it does show a contention of lack of notice. This contention, however, we need not consider in and of itself, by reason of there being a total lack of the proof necessary to justify the entry of the judgment of dismissal, as shown by what we have set forth.

As the cause must go back for retrial, it seems to us proper to call attention to the case of *Benton* v. *City of Santa Monica,* 106 Cal. App. 339 [289 Pac. 203], and the authorities there cited, where this court had occasion to consider the sufficiency of a complaint against a municipality on account of negligence. While the clerk's transcript

shows that the demurrer to the plaintiff's complaint was overruled, it appears from the case which we have cited that the complaint is manifestly insufficient, and should be amended, if the facts warrant such action.

We may further state that the record before us in this cause shows that the various changes in the dates selected for the trial of this action were made on account of the business of the court, and not by reason of any request on the part of counsel.

The judgment is reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 8, 1931, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 4, 1931.