[Civ. No. 9665. Third Dist. Oct. 22, 1959.]

IDAHO MARYLAND MINES CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRANK HATTOX, Respondents.

Hanna & Brophy for Petitioner.

Everett Corten, Melvin S. Witt and Emily B. Johnson for Respondents.

WARNE, J. pro tem.*—Petitioner seeks a writ of review and annulment of a finding and award of the Industrial Accident Commission in which workmen's compensation benefits were made to the applicant, Hattox, one of the respondents herein.

Petitioner alleges that the commission awarded workmen's compensation benefits in favor of the respondent Hattox and against petitioner, without giving petitioner notice of the pendency of the proceedings. The record shows that petitioner petitioned for reconsideration in said proceedings, in accordance with the provisions of section 5506 of the Labor Code and section 473 of the Code of Civil Procedure, and that said petition was denied. It is contended that the commission abused its discretion in refusing reconsideration.

Applicant Hattox was awarded permanent disability due

---

*Assigned by Chairman of Judicial Council.

to silicosis suffered as a result of his employment by various mining companies, including the petitioner.

The primary question is whether there is support for the referee's determination and report in the proceeding for reconsideration that petitioner had been notified of the time and place of the hearing application by Hattox for adjustment of claim. The referee's report on petition for reconsideration states that the petitioner was served with a notice of the time and place of hearing of application for adjustment of applicant's claim. The referee in support of this finding refers to the record he had before him. Such record is not before this court, but respondent alleges notice was mailed to the petitioner on August 20, 1958. The record reveals an affidavit of service by mail executed by a staff member of the commission, wherein it is averred that such employee mailed notice in the required manner.

It further appears that on April 9, 1958, the commission had issued an order joining as parties defendant various mining companies and insurers, including petitioner herein, and that the application and order were served on all parties by mail. It does not appear that the notice mailed petitioner was returned to the commission. Further, on May 5, 1958, the attorney for Hattox served a copy of the applicant's employment record and two medical reports on all parties, including the petitioner. An affidavit of service by mail in the usual form was duly filed. The letter addressed to the petitioner was not returned to the sender.

Petitioner does not deny that the commission's records show that service on it was made by mail. However, it argues that error could have been made by the commission's staff by failing to give notice. While such was possible, it is highly unlikely that petitioner would not have received any of the notices mailed it. The mailing of notice of hearing is a duty of the commission. (Rules of Practice and Procedure of the Industrial Accident Commission, Cal. Admin. Code, title 8, § 10750, p. 736.12.) Further, it is presumed that an official duty has been regularly performed (Code Civ. Proc., § 1963, par. 15); that the ordinary course of business has been followed (Code Civ. Proc., § 1963, par. 20); and that a letter duly directed and mailed was received in the regular course of the mail (Code Civ. Proc., § 1963, par. 24). It is also to be noted that service by mail is complete at the time of the deposit. (Code Civ. Proc., § 1013.) Hence, petitioner's denial that it

received notice, and the affidavits filed in support of such denial, merely raised a conflict on the issue and, since such conflict has been resolved against petitioner, this court under the familiar rule will not resolve such conflict otherwise.

■ Petitioner also contends that the commission's refusal to set aside the award was an abuse of discretion. In support of this contention it argues that the commission was not authorized to enter a default judgment under the provisions of section 5506 of the Labor Code, which reads in part:

''If the defendant fails to appear or answer, no default shall be taken against him, but the commission shall proceed to the hearing of the matter upon the terms and conditions which it deems proper.''

It is to be noted from the above section that the commission is not precluded from proceeding in the absence of a defendant. In such event section 10775 of the Rules of Practice and Procedure of the Industrial Accident Commission (Cal. Admin. Code, title 8, p. 736.15) is applicable. The section provides:

''Where it appears of record that a party was served with notice of hearing, but fails to appear at such hearing, either in person or by attorney or other agent, the commission, a panel, commissioner, or referee may:

''(1) After notice:

''(a) Drop the case from the trial calendar;

''(b) Dismiss the proceeding, without prejudice, for lack of prosecution; or

''(2) Hear the evidence and:

''(a) Enter such finding, order, decision or award as would appear just and proper.''

Thus, when it appears from an affidavit of service by mail, or otherwise, that a party was served with notice of hearing but has not appeared at such hearing, the action to be taken is provided by section 10775 of the Rules of Practice and Procedure of the Industrial Accident Commission. The choice of procedure was discretionary with the referee.

In the proceedings in question it appears that a complete hearing was held in the matter. Witnesses testified, attorneys representing other defendants were present, and had the right to cross-examine any witness. Evidence was presented that the applicant was suffering from silicosis, contracted, at least in part, at petitioner's mine. Only after the applicant had proved his case were findings and an award made. ■ Cer-

tainly, section 5506 of the Labor Code is not to be construed as preventing an award by the commission merely because the defendant does not choose to appear after having been served with notice. ■ Since the referee complied with the provisions of section 5506 of the Labor Code and section 10775 of the Rules of Practice and Procedure of the commission, we conclude that the award entered was not a judgment by default nor may it be said that the commission abused its discretion by refusing to set aside the award. As pointed out above, there is substantial support for the finding that petitioner was served with notice. This being so, it may not be said that the commission abused its discretion in denying reconsideration. The granting of such relief was discretionary with said commission.

It is ordered that the award be affirmed.

Van Dyke, P. J., and Schottky, J., concurred.