[Civ. No. 19717.   First Dist., Div. Two.   Sept. 18, 1961.]

AMELIA P. PAYER, Respondent, v. MERCURY BOAT
COMPANY et al., Defendants; W. E. NOLLEN-
BERGER, Appellant.

Philip J. West for Appellant.

Francis T. Cornish and J. Adrian Palmquist for Respondent.

DRAPER, J.—This is an action for personal injuries sustained in the explosion of a boat. Jury verdict was in favor of plaintiff against defendant Nollenberger, the alleged seller of the boat, but in favor of defendant Russello, the owner-operator. Both defendants were alleged to have been negligent in assembling and inspecting the boat. Plaintiff's motion for new trial as against Russello was granted, but Nollenberger's like motion was denied because not filed in time. His motion to vacate the judgment was also denied, and he appeals.

All parties except Nollenberger signed a waiver of notice of time of trial. Formal notice of time of trial was served upon the other parties, but not upon Nollenberger. He was neither present nor represented at pretrial conference, and the record does not reveal whether he was notified thereof. It is undisputed that his attorney was served by mail with a copy of the pretrial conference order, which fixed the time of trial, but stated "Notice of time and place of trial is not waived."

█ It is clear that verdict upon an issue of fact may not be entered against a party, in his absence, unless he has had five days' notice of time and place of trial, and proof of service thereof is made (Code Civ. Proc., § 594). Compliance with this code section is mandatory. (*Gordon* v. *Gordon*, 145 Cal.App.2d 231, 233 [302 P.2d 355]; *Simon* v. *Tomasini*, 97 Cal.App.2d 115, 122-123 [217 P.2d 488].)

█ Plaintiff, however, argues that service of the pretrial conference order imparted actual notice of trial, and thus in some way satisfied the mandatory requirement of notice and proof thereof. The argument is untenable. The order specifically provided that notice of time and place of trial was not waived. This proviso plainly conveys the understanding that the order is not a notice under section 594, and that such notice is yet to come. We cannot conceive that a document which clearly negates all function as a notice of trial can be construed as a substitute for such notice. Such construction would amount to amendment or repeal of the section. (See *Cahill* v. *Verdier*, 54 Cal.App. 465, 467 [202 P. 154].)

Plaintiff cites authority in which the party asserting lack of notice actually appeared and participated in trial (*Sheldon*

v. *Landwehr,* 159 Cal. 778, 782 [116 P. 44]); in which notice of trial had been served in ample time upon a party then appearing in propria persona (*Kalmus* v. *Kalmus,* 103 Cal. App.2d 405 [230 P.2d 57]); or in which a waiver of notice appears (*Estate of Wempe,* 185 Cal. 557, 563 [197 P. 949]). Under the facts of this case, none of these decisions is applicable.

█ Mere knowledge of a probable date of trial is not sufficient. (*Hurley* v. *Lake County,* 113 Cal.App. 291 [298 P. 123].)

█ The record of the first day of trial does contain a statement by the secretary of the superior court that she had given Nollenberger's attorney telephoned notice of the trial date six days before, and that his reply contained elements of waiver or estoppel. However, the secretary was not sworn, and her statement thus falls short of the proof required by the code section. No affidavit by her was filed, although Nollenberger's attorney presented, on the motion to vacate, an affidavit denying that he had notice of time and place of trial.

█ We find no merit in appellant's second contention The complaint named "Mercury Boat Company, a corporation," as the defendant who sold the boat. Nollenberger answered, alleging that he was "an individual doing business as Mercury Boat Company." The corporation was dismissed as a defendant. Nollenberger now argues that this was a dismissal as to him. We cannot accept this view. His answer clearly establishes him as a party, and he cannot now assert that his appearance as an individual must be disregarded.

In view of our determination that the judgment against Nollenberger was erroneous because of failure to comply with section 594, the motion to vacate the judgment becomes moot, and the appeal from the order denying that motion is dismissed. It is therefore unnecessary to determine whether that order is appealable. (See 3 Witkin, California Procedure, 2170-2172.) We are satisfied that the action, as against Nollenberger, should be tried with that against Russello, as to whom new trial was granted on plaintiff's motion.

Judgment reversed. Case remanded for trial. Appellant to recover costs.

Kaufman, P. J., and Shoemaker, J., concurred.