[Civ. Nos. 20033, 21214. First Dist., Div. Two. Sept. 20, 1963.]

CITY AND COUNTY OF SAN FRANCISCO, Plaintiff and
 Respondent, v. FRANK CARRARO et al., Defendants
 and Appellants.

William Steinberg for Defendants and Appellants.

Thomas M. O'Connor, City Attorney, and John J. Taheny, Jr., Deputy City Attorney, for Plaintiff and Respondent.

AGEE, J.—Defendants appeal from the judgment in this eminent domain action fixing the amount of $48,200 as the compensation to be paid for the taking of their property. Defendants also appeal from the order denying their motion to set aside said judgment.

William Steinberg and Abraham Berry were the attorneys of record for appellants and John J. Taheny, Jr., Deputy City Attorney, appeared for respondent. Hereafter the attorneys will be referred to by their last names.

The main issue on this appeal is whether, after a number of continuances, the trial court erred in proceeding to trial

on October 24, 1960, in the absence of appellants and their counsel. The only issue in dispute between the parties was that of value. The court found in accordance with the valuation testified to by an expert appraiser employed by respondent.

## Motion to Set Aside Judgment

On November 23, 1960, appellants filed a notice of motion to set aside the judgment. The notice did not state upon what *ground* it was being made but it did state that the motion would be made upon the affidavits of appellant Frank Carraro and Steinberg and "evidence to present at the hearing." The motion was heard on December 8, 1960, and denied. This hearing will sometimes be referred to hereafter as the "December 8, 1960 hearing."

The briefs filed herein by appellants indicate that the ground upon which they based their motion was that "[t]he Presiding Judge [Honorable Clarence W. Morris] abused his discretion in not granting a continuance from October 17, 1960 to November 1, 1960." (Appellants admit that Judge Morris did grant them continuances from October 17 to October 20 and then to October 24, 1960.)

Carraro's affidavit in support of the motion to set aside the judgment merely states that he relied upon Steinberg and was assured by him that the case would not go to trial on October 24, 1960; that as the result of such statement, neither he nor his wife appeared at the trial.

Steinberg's affidavit states that he telephoned Presiding Judge Clarence W. Morris from Burns, Oregon, on October 14, 1960; that he told Judge Morris that this case was coming up for trial on October 17, 1960, but that he would like to have it continued to November 1, 1960, because he would need at least two weeks to complete a transaction in Oregon; that Judge Morris verbally granted the continuance, conditioned upon his putting the request therefor in the form of a letter; that he did write such a letter to Judge Morris on October 14, 1960; that on October 24, 1960 (after apparently hearing from his associate, Berry), he telephoned from Burns, Oregon, to Judge C. Harold Caulfield, the judge to whom the case had been assigned for trial on that date, and told him that Judge Morris had verbally extended the trial date to November 1, 1960; that nevertheless the case proceeded to trial on October 24, 1960.

Judge Caulfield testified at the hearing that he told Stein-

berg in said conversation that the case was proceeding to trial that day and that his associate, Berry, had been so advised.

Judge Morris testified that he had not granted any two weeks' continuance of the trial; he stated that, with reference to the telephone conversation with Steinberg on October 14, 1960, he told him that "you [Steinberg] were due to go to trial within three days from the time you phoned and I said I would grant you one continuance, but not two weeks, oh no, it was never two weeks, it never was discussed."

The record shows that, when the case did not go to trial on the original date set (September 6, 1960), it was placed on the so-called "trailing calendar." Thereafter, respective counsel were notified by the office of the secretary of the superior court that the case would go to trial on October 3, 1960.

On September 26, 1960, before Acting Presiding Judge Walter Carpeneti, Steinberg requested a continuance of the trial from October 3 to October 17, 1960. Taheny was present and pointed out that the case was entitled to priority, that it had trailed since September 6, 1960, that Steinberg was aware of the fact that the case might be called up at any time after September 6, 1960, and that he should have made arrangements to proceed on October 3, 1960.

Taheny testified at the December 8, 1960 hearing as follows: "Mr. Steinberg assured Judge Carpeneti and myself he would so stipulate that he had no desire nor intention of having the trial of this case be postponed beyond October the 17th."

Steinberg gave the following answers to the following questions: "Q. Did you not on September 26th assure Judge Carpeneti you wouldn't permit it [the Oregon matter] to interfere with the Carraro [instant] case? A. I certainly did. Q. And didn't you get a continuance [to October 17]? A. No question about it, that's true."

Based upon the foregoing, Judge Carpeneti continued the trial date to October 17, 1960. Implicit in the statement by Steinberg that he would not permit the Oregon matter to interfere with the trial of the instant action on October 17, 1960, is the representation to the court that it was within his power to so arrange the Oregon matter that he could go to trial in the instant action on that date.

On October 17, 1960, the case was called for trial by Presiding Judge Morris. Berry appeared for the appellants and

Taheny appeared for respondent. Berry stated that Steinberg was still in Oregon. Over Taheny's objection, the court continued the trial to October 20, 1960. Judge Morris advised counsel that the case would definitely proceed to trial on that date and directed Berry to notify Steinberg of this immediately. Steinberg does not deny that he was so notified or that he did not have actual knowledge of the continuance to October 20.

The record does not indicate that Berry made any objection to October 20 as the trial date nor does it indicate that he asked for any later date. On October 18 and 19, 1960, Steinberg was in San Francisco but flew back to Oregon without contacting Judge Morris or attempting to secure a further continuance of the trial date from him.

Steinberg testified that he telephoned to Judge Morris from Oregon on October 20, 1960, and told him that "I still couldn't go on for trial and he said he couldn't help it, to come in and see him." Just what happened thereafter is not too clear in the record but, in any event, on October 20, 1960, Judge Morris again continued the trial to October 24, 1960, stating that he would give him (Steinberg) this last continuance "as a matter of courtesy."

Steinberg testified that he did go in to see Judge Morris on October 20, 1960, apparently having flown back to San Francisco after his telephone conversation with him earlier in the day. Judge Morris refused him any further continuance beyond October 24, 1960.

Steinberg thereupon prepared a "Petition for Writ of Prohibition," which was filed on Friday, October 21, 1960, in the District Court of Appeal, First District, No. 19614. No mention or suggestion was made in this proceeding that there had been any lack of proper notice of time of trial.

The petition, verified by appellant Frank Carraro, recites that the superior court was insisting "that trial go on in said action on the 24th day of October, 1960"; that Steinberg "is required to be constantly in Oregon in order to complete this transaction [the Oregon matter] until that date [November 8, 1960]"; "[t]hat the said matters are being compromised and settled, and the properties involved sold, and the matter will be completed on or before the 8th day of November, 1960."

The petition requests that the trial court be restrained from proceeding with the trial of the action until November 1, 1960. The petition was denied by the District Court of

Appeal on the morning of October 24, 1960, and the trial judge so stated for the record before the commencement of the trial on that date.

Steinberg testified that his reason for filing the petition when he did, which was on the last court day preceding the day of trial, was that ''I was led to believe that once I filed a write [sic] and served it on everybody we wouldn't go to trial....''

Asked about his clients, who knew that the court was insisting upon the case going to trial on Monday, October 24, 1960, Steinberg testified that he gave them the following explanation: ''Now, with the filing of the writ this will give us more—I can't be here Monday—and under the circumstances I will inform and assure that if I file a writ the thing would be put over....''

The judge presiding at the hearing of the motion expressed some surprise that an attorney would believe that the mere filing of such a petition for a writ would have the effect of holding up the trial.

In any event, Steinberg went back to Oregon on Saturday, October 22, 1960, without making any arrangements for the conduct of the trial on October 24, 1960, in the event the petition was denied or not acted upon by that time.

It should be noted that Steinberg was not making any court appearances in Oregon. He had associated an Oregon attorney for that purpose. He testified that his work in Oregon was being done in an office and at the title company.

Steinberg testified that there were over 80 parcels of land involved in the Oregon matter, that there were a lot of quiet title problems and that he was ''constantly negotiating and getting the people together and winding the whole situation up.''

Steinberg never made any showing to support his statement that his constant presence in Oregon was required. He never made any showing that he had made any effort at all to absent himself from Oregon long enough to try the instant action. And yet his ability to get back and forth from Oregon to San Francisco whenever he wanted to is well demonstrated by the record.

Steinberg admitted that the only reason he did not want to go to trial on October 24, 1960, was on account of the Oregon matter, in which he stated he was ''getting a fee of about $38,000.'' He testified at the December 8, 1960, hearing as follows: ''Now my client was prepared to go to trial, the City

was prepared to go to trial and the situation was *my own fault* that they didn't go to trial, under the circumstances. That's the factual situation. ... I had the case prepared to the nth degree to try this case." (Italics ours.)

When the case was called for trial by the presiding judge on October 24, 1960, it was assigned for trial to the department presided over by the Honorable C. Harold Caulfield. Respondent's counsel immediately telephoned to the office of appellants' attorneys when he noticed their nonappearance. He talked to Berry and advised him that he had "better get over and represent his clients." Berry did not do so but he apparently did telephone Steinberg, who in turn telephoned to Judge Caulfield, as related above. The result was that the trial proceeded in the absence of appellants and their counsel.

Berry was not unfamiliar with the case. He had appeared before the court in this action on a number of occasions, including the pretrial conference. Steinberg's testimony that Berry knew nothing about the case is hardly consistent with the record. ■ We cannot assume that Steinberg would violate rule 210 of the California Rules of Court (formerly Rules for the Superior Courts, rule 8.2) by having Berry appear for the appellants at the pretrial conference unless Berry had "a thorough knowledge of the case," as required by the rule. Berry's participation in the pretrial conference was a representation to the court that he did have such knowledge.

■ The entire attack of appellants *before the trial court,* on the denial of their motion to set aside the judgment, is directed to the refusal of the trial court to continue the trial beyond October 24, 1960.

Appellants cite and quote from *Capital National Bank* v. *Smith,* 62 Cal.App.2d 328, 339 [144 P.2d 665], as follows: "The granting or denial of a motion for continuance of the trial is within the sound discretion of the trial judge, and such an order will not be disturbed on appeal except for an abuse of discretion."

We agree with this statement and we find that the trial court did not abuse its discretion in denying appellants' motion to set aside the judgment, which motion, as appellants state in their briefs, is based entirely upon the contention that "the Presiding Judge abused his discretion in not granting a continuance from October 17, 1960, to November 1, 1960."

## Jurisdiction of Trial Court

■ The pretrial conference order expressly stated that notice of time of trial was not waived. It was therefore mandatory for respondent to serve notice of time of trial upon appellants, as provided by section 594 of the Code of Civil Procedure[1] (*Payer* v. *Mercury Boat Co.* (1961) 195 Cal. App.2d 659, 660 [16 Cal.Rptr. 123].)

The date set for trial was September 6, 1960. Taheny testified at the December 8, 1960 hearing that written notice thereof was served upon appellants on August 23, 1960. His testimony is undisputed. Appellants made no attempt to deny this then or *at any time* during the proceedings before the trial court. It is significant that Steinberg took the witness stand *after* Taheny had testified but did not at any time deny Taheny's testimony as to the service upon him of such written notice.

■ After such notice has been given in the first instance, it is the duty of all parties to keep themselves informed by diligent inquiry of all subsequent continuances (*City of San Diego* v. *Walton,* 80 Cal.App.2d 206, 212-213 [181 P.2d 424] ; *Capital National Bank* v. *Smith,* 62 Cal.App.2d 328, 338 [144 P.2d 665] ). Appellants herein knew of each continuance and they make no claim to the contrary.

■ Appellants contend, however, that the lower court was without *jurisdiction* to proceed on and after September 6, 1960 (the original trial date) because no *proof* of the service of notice of time of trial was made to the court on that date.

This same contention was made in *Kalmus* v. *Kalmus* (1951) 103 Cal.App.2d 405 [230 P.2d 57], wherein the court stated at pages 417-418: "[I]t is the *fact* that service was made, rather than the *proof* of service that vests the court with jurisdiction to act. The jurisdiction of the court does not depend upon the *preservation* of the proof of service but upon the fact that service has been made." (Italics ours.)

The disappearance from the file of the original notice of time of trial and the affidavit of service attached thereto, which were filed as one document in the office of the county clerk on August 23, 1960, will be discussed hereafter.

Appellants also appear to contend that a five-days' notice of

---

[1]This section provides that, where a party brings an issue of fact to trial in the absence of the adverse party and takes a judgment, "proof must first be made to the satisfaction of the court that the adverse party has had five days notice of such trial."

the date when the case actually went to trial (October 24, 1960) should have been served upon them.

This same contention was made in *City of San Diego* v. *Walton, supra,* which was also an action in eminent domain. There the trial had been set originally for November 5, 1945. Notice of time of trial was served by mail on October 3, 1945, but the original notice was not filed until January 30, 1946. Thus, there was nothing in the file on November 5, 1945, to indicate that such service had been made. The trial was continued on November 5, 1945, and thereafter from time to time until January 30, 1946, when it went to trial in the absence of defendants and their counsel. The clerk of the court telephoned defendants' counsel on that date and they replied that they had not received any written notice of the actual time of trial. They failed to appear and the case proceeded to judgment. On appeal the judgment and the order refusing to vacate the judgment were affirmed.

The court stated, at page 212: "Defendants' counsel were originally notified in writing as to the date of trial [November 5, 1945]. Several continuances were had to a day certain, thereafter, at their request. They were fully aware that the case was to be tried on January 7, 1946, but appeared on January 4th, to seek continuance by stipulation. To hold that they might now take advantage of the fact that they were not present on January 7, 1946, the date set for the trial of the action, would be but a mechanical view of the law. For all intents and purposes, the appearance of counsel for both parties on a date [January 4, 1946] prior to the day on which the case was actually set [January 7, 1946], at which time they sought and obtained a continuance to a day certain [January 30, 1946], would have the same legal effect as though they actually had appeared on the day of trial and obtained the continuance at that time. We do not consider this contention meritorious.

"Since the action of the trial court on January 4th and January 5th was in effect merely granting a motion for a continuance of the case to a day certain, *no further notice, written or oral, was necessary.*" (Italics ours.)

After the citation of authorities, the opinion then quotes the rule as stated in 11B California Jurisprudence, page 573, as follows: " 'After notice has been properly given in the first instance, it becomes the duty of all interested parties to keep themselves informed by diligent inquiry of subsequent continuances of the hearing.' "

In response to the contention that this only applied to probate proceedings, the court stated, at page 213: "When due written notice has been given and a subsequent continuance had, at the request of the parties, who were present in court and had actual notice of the date to which the case was continued, the rule stated above to this extent has application to a condemnation proceeding. There was a substantial compliance with section 594 of the Code of Civil Procedure and rule IX of the Rules of the Judicial Council, and no further written notice of time of trial was required." (Citing numerous authorities.)

In its "Findings of Fact and Conclusions of Law," the lower court in the instant action held in accord with the foregoing and stated therein that "notice of time and place of trial had been duly given to said defendants and their attorneys." We agree.

A further contention by appellants that respondent abandoned its claim that notice of time of trial was served upon appellants borders on the frivolous. The contention is based upon appellants' misinterpretation of one short sentence in a five-page single-space letter sent by respondent to the court on January 16, 1963, as a supplemental brief. Respondent did not at any time abandon this claim. The point need not be discussed further.

### Waiver of Proof of Notice of Trial

As stated above, when the instant action did not go to trial on September 6, 1960, it was placed on the "trailing calendar" and the secretary of the superior court thereafter notified respective counsel that the case would go to trial on October 3, 1960.

On September 26, 1960, Steinberg appeared before Acting Presiding Judge Carpeneti and requested a continuance of the trial from October 3, 1960, to October 17, 1960. Taheny was present and objected to the continuance. Steinberg based his request *solely* on the ground that "he would have to be in Oregon on some legal matters ... from October 3rd to October 15th." *At no time did Steinberg claim or even intimate that he had not received a written notice of time of trial,* as testified to by Taheny.

Upon Steinberg assuring Judge Carpeneti that "he had no desire nor intention of having the trial of this case postponed beyond October the 17th," the continuance was granted.

The foregoing conduct and statements of Steinberg constitute a waiver of the requirement of *proof* of the giving of the

five-day notice provided for by section 594 of the Code of Civil Procedure (*Kalmus* v. *Kalmus*, 103 Cal.App.2d 405 [230 P.2d 57] ; *City of San Diego* v. *Walton* 80 Cal.App.2d 206 [181 P.2d 424] ; *Granger* v. *Sherriff*, 133 Cal. 416 [65 P. 873] ).

As stated in *Kalmus* v. *Kalmus, supra,* at page 418 : "With this admitted knowledge of the trial date, there was no necessity for presenting any additional proof by way of offering in evidence the affidavit of service of notice of trial on March 8, 1949, or otherwise. And certainly, no prejudice was suffered by appellant from the failure so to do."

When counsel for appellants appeared before the court on September 26, 1960, and agreed to go to trial on October 17, 1960, this constituted a waiver of any objection that respondent had not theretofore introduced any proof into evidence that notice of time of trial had been given to appellants.

██ As appellants expressly admit: "The cause was set for trial by oral stipulation on the 17th day of October, 1960." Such an executed oral stipulation by counsel is binding on the parties they represent (*Lyons* v. *Lyons*, 190 Cal.App.2d 788, 790 [12 Cal.Rptr. 349] ; *Continental Bldg. etc. Assn.* v. *Woolf*, 12 Cal.App. 725, 729 [108 P. 729] ).

██ This admitted stipulation alone is sufficient to establish that the case was properly set for trial on October 17, 1960. As stated in *Hearne* v. *De Young*, 111 Cal. 373, 377 [43 P. 1108] : "But where the stipulation, agreement, or admission is admitted as in this case, there is no occasion to resort to other proof." (See also, *Johnson* v. *Sweeney*, 95 Cal. 304, 306 [30 P. 540].)

*Granger* v. *Sherriff, supra,* is very similar to the facts in the instant action with respect to the continuance from October 17 to October 20.

In *Granger,* the attorney-guardian *ad litem* of one of the defendants, who was insane, appeared before the court on April 14, 1899, and asked for a continuance of the trial set for that date on the ground that he had not had time to prepare for the trial. The court continued the trial date to April 17, 1899. On this date, the guardian moved to set aside the order setting the cause for trial "on the ground that said action has been set down for trial without five days' notice." This statement was supported by affidavit.

The Supreme Court held as follows: "We think the appearance of the guardian, as such, on April 14th, the day to which the trial had been postponed, and his objection to

then going into the trial on the grounds then stated by him, constituted a *waiver* on his part, and on behalf of his ward, of the five days' notice of the setting of the case required by section 594 of the Code of Civil Procedure, as amended in 1899." (Italics ours.)

█ . The same situation is presented in the instant case. On October 17, 1960, Berry appeared before the court on behalf of appellants and obtained a continuance to October 20, 1960, on the ground that Steinberg "was up in Oregon on some other legal matter and was not able to proceed with the trial."

Having obtained such continuance on this ground only, we are of the opinion that there was a waiver of the provision in section 594 as to *proof* of the giving of the five days' notice. In *Granger, supra,* such notice never had been served, whereas, as stated above, notice had been served in the instant case.

█ In addition to what we have said on this point, it should be noted that the "proof" of service required by section 594 does not define what type or kind of proof may be accepted by the court in determining whether a party "has had five days notice of such trial."

Certainly, testimony as to the statements and conduct of counsel for a party who later claims a lack of such notice may be considered by the court in determining this question. Justice Draper indicates this very clearly in *Payer* v. *Mercury Boat Co., supra,* at page 661, in the following words: "The record of the first day of trial does contain a statement by the secretary of the superior court that she had given Nollenberger's attorney telephoned notice of the trial date six days before, and that his reply contained elements of waiver or estoppel. However, the secretary *was not sworn,* and her statement thus falls short of the proof required by the code section." (Italics added.) (In the instant case, we have referred only to sworn testimony.)

Section 594 does not say *when* the proof of notice must be made, except that it must be made *before* a party "may proceed with his case." When, on October 24, 1960, Judge Morris ordered that this case proceed to trial and assigned it to a trial department for such purpose, he had sufficient "proof" from Steinberg's own admissions and statements made to him that Steinberg had had more than sufficient notice of time of trial.

Judge Caulfield, to whom the case was assigned for trial, stated for the record, before the trial commenced, that Stein-

berg had telephoned him from Oregon; that he had told Steinberg of his prior continuances and of the denial of his petition for a writ by the District Court of Appeal and "advised him [that] he should have been in San Francisco and in court this morning at this time and place to represent his clients." The record also shows that a jury panel was in attendance. Taheny stated for the record that he had telephoned to Berry, "but he was just sitting in the office and said he was going to try and phone Mr. Steinberg."

Judge Caulfield ordered the trial to proceed, stating as follows: "Accordingly, the case being duly set and noticed and ready for trial this morning, we will proceed." As mentioned before, and as discussed in more detail hereafter, the notice of time of trial and the affidavit of service attached thereto undoubtedly were in the file *at that time*. It is not unreasonable to conclude that Judge Caulfield was aware of this when he made the foregoing statement.

Appellants rely heavily upon *Hurley* v. *Lake County* (1931) 113 Cal.App. 291 [298 P. 123]. The trial therein had been set for May 5, 1930, and an affidavit showing service by mail of notice of time of trial was on file. However, the giving of proper notice was an issue in contention. Neither the plaintiff nor her attorney appeared at the trial. The affidavit of service was not introduced in evidence.

The judgment obtained by defendants was reversed on the ground that no proof had been made that plaintiff had been given the five days' notice, as provided by section 594 of the Code of Civil Procedure. However, as the court pointed out, at page 296: "The record shows *no waiver* on the part of the plaintiff, ..." (italics ours).

The basis of the court's decision is stated in the opinion, at page 295, as follows: "The respondents call our attention to section 2009 of the Code of Civil Procedure, which permits the use of affidavits in proving the fact of notice being mailed. The respondents' reference to this section is well founded so far as the claim is made that affidavits of giving notice may be admitted in evidence to prove the fact of notice having been given, but the unfortunate predicament in this case, so far as respondents are concerned, is that the notice and affidavit were not admitted in evidence."

The later case of *Kalmus* v. *Kalmus, supra,* demonstrates its awareness of the *Hurley* case by citing it (p. 417). However, the facts in *Kalmus* were held to justify the finding that "[w]ith this admitted knowledge of the trial date, there

was no necessity for presenting any additional proof by way of offering in evidence the affidavit of service of notice of trial on March 8, 1949, or otherwise." (P. 418.)

Another distinction between *Hurley* and the instant case should be noted. The *Hurley* case was decided on April 8, 1931. Section 1013a of the Code of Civil Procedure was enacted in 1931 but did not become effective until August 14, 1931.

Section 2009 of the Code of Civil Procedure was enacted in 1872 and then, as now and in 1931, provided that "[a]n affidavit *may be used* ... to prove the service of a summons, notice, or other paper in an action ..." (italics ours).

On the other hand, section 1013a of the Code of Civil Procedure provides that "Proof of service by mail may be *made* by ... (1) An affidavit affixed to the original, or to a true copy, of the document *served* and *filed* in the cause, ..." (italics ours).

Section 1013a was complied with in the instant case. Whether "proof" of the serving of notice has been made, i.e., *completed*, when the original notice and the affidavit of service attached thereto is filed and placed with the other papers in the action to which it pertains has not been discussed in any case called to our attention. It is unnecessary to determine this question in the instant case because of our holding that appellants waived any requirement that the affidavit of service be introduced into evidence.

Appellants have called attention to *Bird* v. *McGuire* (1963) 216 Cal.App.2d 702 [31 Cal.Rptr. 386], where a judgment taken against defendant McGuire was reversed on the ground that he did not have proper notice of time of trial. The *Hurley* case is cited therein with approval in what is obviously dictum.

*Bird* is clearly distinguishable. The court therein points out (p. 716) that "notice was not given in compliance with either section 594, subdivision 1, or with rule 8.12 of the Superior Court Rules. [*]" The latter refers to the mailing of a copy of the pretrial conference order by the clerk. The record shows that the clerk did not mail any copy thereof to McGuire or his then counsel.

The court states (p. 716) that "oral notification of the time and place fixed for trial at the pretrial conference when communicated to counsel or the parties present would be in compliance with section 594, subdivision 1." However,

---

*Now California Rules of Court, rule 220.

neither McGuire nor his counsel were present at the pretrial conference and there was no showing that they "had knowledge of the actual date for trial for the required period so as to amount to actual notice of such date." (P. 717.)

Finally the court considered whether McGuire or his attorneys had waived the required notice and the court held that they had not. The trial was held on August 16, 1961. One week before that, the court had made an order allowing McGuire's attorneys to withdraw, thus leaving him in propria persona. McGuire was doing logging work in Wyoming at the time. He sent two telegrams asking for a continuance, which the court refused. The appellate court stated, at page 718: "At best these telegrams merely indicate that McGuire had knowledge of *some* trial date, but they do not indicate *what* trial date."

In the instant case, unlike the *Bird* case, a notice of time and place of trial was given in the manner provided by sections 594 and 1013a of the Code of Civil Procedure; an affidavit showing such service was attached to such notice and filed with the other papers in this action; appellants as well as their attorneys had actual knowledge of the time of trial; and appellants' counsel made statements to the court and so conducted themselves that they waived any right to have proof of service made in the manner contended for by them now.

### Adequacy of Award

 The only witness on valuation was an expert appraiser employed by respondent. His testimony established his qualifications as such and the trial court found in accordance with his valuation. There can be no question that such finding is supported by substantial evidence.

This disposes of the issues raised by appellants on the main appeal, No. 20033. In the light of what has heretofore been said, it is unnecessary for us to discuss respondent's contentions (1) that the order denying appellants' motion to set aside the judgment is nonappealable, (2) that appellants cannot raise the question of adequacy of compensation on appeal because they did not present the point on a motion for a new trial, and (3) that the order denying appellants' petition for a writ of prohibition is res judicata as to the issues raised on this appeal that are identical to those raised by said petition.

### Second Appeal

 Appeal No. 21214 is an appeal by defendants from

an order of the Superior Court made herein on January 29, 1963, which directed that true copies of the original notice of time and place of trial and the original affidavit of service attached thereto be filed *nunc pro tunc* as of August 23, 1960. The order provided that such copies ''shall have the same force and effect as the original lost Notice of Time and Place of Trial and Affidavit of Service by Mail thereof.'' The court made express findings that the originals of these two papers were attached together and filed on August 23, 1960, but that they had thereafter been lost.

Section 1045 of the Code of Civil Procedure provides as follows: ''If an original pleading or paper be lost, the court may authorize a copy thereof to be filed and used instead of the original.'' The pendency of an appeal from the judgment in no way precludes the trial court from exercising such power. *(Hibernia Sav. & Loan Society* v. *Matthai,* 116 Cal. 424 [48 P. 370]; *Buckman* v. *Whitney,* 24 Cal. 267.) ''The taking of an appeal does not impair the power of the trial court to supply or replace its records when they are lost, by the aid of copies or some other means under its control. Thus, the trial court is justified in making a minute order permitting a substitution of a copy of the notice of appeal.'' (3 Cal.Jur.2d § 196, pp. 686-687; see also *Jackson* v. *Dolan,* 58 Cal.App. 372, 374 [208 P. 315].)

Respondent supported its motion for said order with declarations under penalty of perjury by Taheny and Hugh Maguire.

Taheny declared that he had prepared the notice of time of trial (September 6, 1960) and delivered the original and two copies thereof to Maguire on August 23, 1960, with the request that he serve it upon the attorneys for appellants by mail; that at the same time he followed the same procedure with respect to another parcel owned by defendant Helen G. Meehan, who was represented by Attorney Thomas E. Feeny; that the trial of the Meehan parcel had been set for September 19, 1960; that on August 24, 1960, Maguire delivered back to him copies of the Carraro and Meehan notices, attached to each of which was a copy of Maguire's affidavit of service thereof by mail on August 23, 1960; that the Register of Actions maintained in the county clerk's office shows the filing of *two* notices of time of trial on August 23, 1960, but that recent examination of the file discloses that only *one* of these notices and its attached affidavit of service is still in the file; that this document is the Meehan notice and affidavit; that the Carraro notice and affidavit is missing from the file.

Maguire declared that he was a law clerk in respondent's office; that it was his duty to attend to the serving and filing of notices required by law to be served by respondent; that on August 23, 1960, he served notice of time of trial in the instant action upon appellants by mailing a copy of said notice to the attorneys for appellants; that he executed an affidavit of service to this effect and attached it to the original notice, which document he then filed in the office of the county clerk and received back from the deputy who accepted the filing, an endorsed copy showing the fact and date of said filing; that on August 24, 1960, he delivered the endorsed copy to Taheny; that a true copy of said notice and of said affidavit is attached to his declaration.

Appellants do not question the form or the sufficiency of the wording of the notice or of the affidavit of service thereof. In other words, these papers are properly drawn and contain all of the necessary recitals.

Steinberg filed his own declaration in opposition to the motion. He states that he checked the records at "some time after December 8, 1960," and "was unable to find any affidavit of service of Notice of Time and Place of Trial" amongst the records or recorded in the Register of Actions.

There is no question that the notice and attached affidavit of service were missing from the file at some time after December 8, 1960. Respondent suggests that the reason Steinberg did not make any claim of lack of notice until he reached the appellate court is that, during the period that the matter was before the lower court, the notice and proof of service thereof were still in the file and any effort to make such a claim *at that time* would have been futile.

Steinberg's statement that said affidavit of service was not recorded in the Register of Actions is demonstrably incorrect.

A court may judicially notice its own records and proceedings in the same case. (Witkin, California Evidence, p. 63.) This includes the "Register of Actions" kept by the county clerk. (*Brock* v. *Fouchy* (1946) 76 Cal.App.2d 363, 366 [172 P.2d 945].)

*One* of the two documents described as "Notice of Time and Place of Trial" is physically present in the file. It is directed to "Mr. Thomas E. Feeney, Attorney for defendant Helen G. Meehan" and has attached to it an original affidavit of service by mail. The notice is signed by Taheny and the affidavit is executed by Maguire. This affidavit was not separately filed or registered but it and the notice to which it

was attached are treated by the clerk as one document.

The other document filed and registered on the same date, which is now missing, is necessarily the Carraro notice and attached affidavit of service.

Steinberg also makes the following statement in his declaration: ''That the plaintiff or their attorneys in this action did not have any Notice of Time and Place of Trial in the above matter served on affiant, either personally or through the mail.''

 Maguire's affidavit of service avers that he addressed the envelope containing a copy of the notice to ''William Steinberg, Esq. and Abraham Berry, Esq. 2408 Russ Building, San Francisco 4, California.''

It may be that Berry received and opened the envelope. There is no denial that this occurred. Steinberg only declares that the notice was not served upon *him*. It should be noted that, during this period, Berry was not only one of the attorneys of record for appellants but he was quite active in the case. He had filed a motion to amend the answer and presented it in court; he had prepared and signed the pretrial statement and had appeared for appellants at the pretrial conference; and he appeared on the agreed trial date, October 17, 1960, for the purpose of obtaining a further continuance. As a matter of office routine, Berry may very well have handled any mail that had reference to the Carraro case.

Regardless of this, however, the trial court was entitled to and it did resolve any conflict on this point in favor of respondent. There is a disputable presumption '' [t]hat a letter duly directed and mailed was received in the regular course of the mail.'' (Code Civ. Proc., § 1963, subd. 24.)

Such a presumption is evidence (Code Civ. Proc., § 1957) and may prevail against positive evidence to the contrary (Code Civ. Proc., § 2061, subd. 2).

In *Idaho Maryland Mines Corp.* v. *Industrial Acc. Com.*, 174 Cal.App.2d 693 [345 P.2d 109], after citing section 1963 subdivision 24, the court stated: ''Hence, petitioner's denial that it received notice, and the affidavits filed in support of such denial, merely raised a conflict on the issue and, since such conflict has been resolved against petitioner, this court under the familiar rule will not resolve such conflict otherwise''

 We have concluded that the appeal from the order of January 29, 1963, is without merit.

On February 13, 1963, pursuant to motion made in the main appeal by respondent, we denied leave to produce additional evidence but granted leave to augment the record "to include all matters which were before the trial court and which formed a part of the trial court's record." We denied the motion to augment in all other respects.

This ruling allowed the inclusion in the record in the main appeal of true copies of the original notice of time and place of trial and the affidavit of service thereof, on the theory that these papers were "before the trial court and which formed a part of the trial court's record."

The order restoring these papers to the file, by substituting copies thereof, was also intended to be included in such record. This order confirms and corroborates the undisputed testimony of Taheny, which was already in the original record in the main appeal. The effect of the order is the same as though the original papers had been found and put back in the file.

Furthermore, on April 9, 1963, the parties stipulated that the two appeals be consolidated and that counsel would stipulate to the record in appeal No. 21214. On April 18, 1963, counsel entered into such a stipulation and agreed to the documents to be included therein, one of which was "7. Order for Substitution of Copies of Los [sic] Court Records." The order thus became a part of the record on the consolidated appeal by stipulation.

The declarations of Judges Carpeneti and Morris, dated January 24, 1963, and February 1, 1963, respectively, were excluded from our augmentation order of February 13, 1963, because these were not matters which were before the trial court at the time of the December 8, 1960 hearing. But Judge Morris testified at that hearing and we have referred to his testimony then given. Judge Carpeneti did not testify at the hearing, but what occurred before him on September 26, 1960 was testified to by Taheny and Steinberg and we have referred to their testimony in this respect. In determining the main appeal we did not use or consider the declarations of Judges Carpeneti and Morris.

Appellants complain of the delay in the making of the motion to restore, which was filed on January 24, 1963. Such delay is understandable. The *first mention* of the lack of notice point was made in appellants' opening brief, filed herein on September 18, 1961. Therein it is stated: "In the case at bar, there is no evidence in either the reporter's transcript or the clerk's transcript of any notice given of time

and place of trial pursuant to section 594, subd. 1, Code of Civil Procedure.''

Respondent treated this statement as a part of appellants' contention, based upon *Hurley* v. *Lake County, supra,* that there is nothing in either transcript to show that said notice and the affidavit of service thereof were offered in evidence.

Accordingly, respondent made the following reply: ''It is significant that appellants do not allege in their brief that notice of time and place of trial was not given. They merely allege that the record does not show that proof of notice was made at the trial. We must assume that in filing their brief appellants put their best foot forward and attempted to state their case in the best possible manner. Had they not received notice of time and place of trial, appellants would have most certainly asserted that fact.''

On November 5, 1962, over one year after they had filed their opening brief, appellants filed a closing brief, in which it is stated: ''There is no *documentary* evidence supporting this statement [*viz.,* Taheny's testimony *re* service of notice of time of trial] for the obvious reason that no notice of time and place of trial as required by Sec. 594 of the C.C.P. was ever given by respondent to appellants.'' (Italics ours.) This bald unsworn statement by appellants apparently alerted respondent and on January 24, 1963, it made the motion to substitute copies. We do not think that the delay was unreasonable nor do we think that appellants suffered any prejudice by reason thereof.

■ It is apparent that the conduct of appellants' counsel in the instant case has deprived them of the opportunity to present testimony as to their opinion of the reasonable market value of the subject property. However, they are bound by such conduct.

The Supreme Court stated, in *Alferitz* v. *Cahen,* 145 Cal. 397, at p. 400 [78 P. 878] : ''Where such questions of negligence and mistake arise, there must always come a time when, notwithstanding the hardship to the client, he must be bound by the errors and omissions of his attorney.'' (To the same effect: *People* v. *Kings County Dev. Co.,* 48 Cal.App. 72, 82 [191 P. 1004].)

The judgment and orders appealed from are affirmed.

Shoemaker, Acting P. J., concurred.

The petitions for a rehearing were denied October 8, 1963, and appellants' petition for a hearing by the Supreme Court was denied November 13, 1963.